JOHN CRIPPS'S (dependent's) CASE.

Suffolk.   November 12, 1913. — February 27, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Workmen's Compensation Act.   Practice, Civil,* Exceptions, Appeal.

Questions of law arising under the workmen's compensation act can be brought to this court only by an appeal from a decree of the Superior Court, and an attempted bill of exceptions must be dismissed.

*It seems,* that a release given by an employee of a teamster to a street railway corporation, whose car ran into the team he was driving, from all claims and demands growing out of the injury caused by the collision, if it is not set aside,

will bar a claim by such employee for compensation for such injury under the workmen's compensation act.

The right of the dependent widow of an employee, whose death resulted from an injury arising out of and in the course of his employment, to the compensation provided by St. 1911, c. 751, Part II, § 6, does not accrue until the death of her husband, and cannot be released by her husband by an instrument executed by him after the injury that subsequently resulted in his death.

By the terms of St. 1911, c. 751, Part II, § 6, an award of compensation to the dependent widow of an employee of one half his average weekly wages for a period of three hundred weeks is to be paid from the date of the injury, where no weekly payments have been made by the insurer under the act, although the deceased employee after the injury that subsequently resulted in his death performed his accustomed work for about two and a half months.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board.

The case was heard by *Pierce*, J., who made a decree confirming the decision of the Industrial Accident Board and ordering that Julia Cripps, the dependent widow of John Cripps, should receive a weekly payment of $6.75 for three hundred weeks from October 23, 1912, the date of the injury that resulted in his death. The insurer appealed from the decree.

The questions raised by the appeal are stated in the opinion. It appeared that John Cripps was employed as a teamster by one Cogan, who was engaged in a general trucking and teaming business and had insured his employees in accordance with the provisions of the workmen's compensation act, and that John Cripps, after his injury by a car of the Boston Elevated Railway Company, had executed under seal a release to the Boston Elevated Railway Company, discharging that company " from all claims and demands, actions and causes of action, damages, costs, loss of service, expenses and compensation on account of, or in any way growing out of injuries resulting or to result from accident that occurred on or about the 23rd day of October, 1912."

The insurer also presented what purported to be a bill of exceptions, alleging the refusal by the judge of certain rulings. This was allowed by the judge for the purpose of raising the question whether a bill of exceptions would lie, although the judge stated in a memorandum that he was of opinion that an appeal from the decree was the proper remedy.

*W. H. Vincent,* for the insurer.

*J. E. McConnell,* for the dependent.

BRALEY, J.  The exceptions must be dismissed, as the insurer's appeal from the decree below is the only method by which questions of law arising under St. 1911, c. 751, can be brought to this court.  *McNicol's Case,* 215 Mass. 497.

The deceased workman while in the course of his employment and about his employer's business driving a truck in the public streets came into collision with a car of a street railway company, receiving injuries which ultimately caused his death, although after the accident he performed his accustomed work for about two and a half months.  The company having obtained on the afternoon of the day of the accident a release under seal from all liability, the insurer contends, that the widow is not entitled to compensation under St. 1911, c. 751, as amended by St. 1912, c. 571.  St. 1911, c. 751, Part III, § 15, provides, that "where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages, or against the association for compensation under this act, but not against both, and if compensation be paid under this act, the association may enforce in the name of the employee, or in its own name and for its own benefit, the liability of such other person."  The employee by his election to take damages, even if received without suit, and under the condition that the cause of action must be released, would exercise the option given by the statute.  It would be too technical and refined a construction to treat the wording of the act as referring solely to an action for personal injuries, and, if the employee had asked for compensation, the settlement with the company, if not set aside, would have barred the claim.  *Page* v. *Burtwell,* [1908] 2 K. B. 758.  *Powell* v. *Main Colliery Co.* [1900] A. C. 366.

Prior to the present statute the right of the widow to damages for the death of her husband by wrongful act to be recovered for her own benefit in an action of tort by an administrator, and assessed within a minimum and maximum limit, according to the degree of culpability of the wrongdoer, or his servants or agents,

had been conferred by our laws. *Brown* v. *Thayer*, 212 Mass. 392, 397, 398, and statutes and cases there cited. But the amount recovered has been held to be in substance a penalty, forming no part of the assets of his estate and liability for which the intestate could not release. St. 1911, c. 635, § 1. *Doyle* v. *Fitchburg Railroad*, 162 Mass. 66, 71. *Clare* v. *New York & New England Railroad*, 172 Mass. 211. *Smith* v. *Thomson-Houston Electric Co.* 188 Mass. 371, 376. *Jones* v. *Boston & Northern Street Railway*, 205 Mass. 108, 109.

The St. of 1911, c. 751, is not penal, but is based on the theory of compensation. Primarily its object is to provide, in place of wages which he can no longer earn, the means of subsistence for the employee injured without "serious and wilful misconduct" on his part, if he survives, or for the widow and other dependents, if death ensues either with, or without, conscious suffering. The insurer under Part II, § 6, where death results, is to pay the dependents wholly relying upon the employee's earnings for support, compensation, and by § 7 a wife living with her husband at the time of death is conclusively presumed to be such dependent. The right of recovery expressly given to his widow cannot accrue until his death. Having been created for her benefit, it is independent of his control, and under § 22 can be discharged only by herself where she is the sole dependent, or by those authorized to act in her behalf. *Bowes* v. *Boston*, 155 Mass. 344, 349. *Whitford* v. *Panama Railroad*, 23 N. Y. 465. *Michigan Central Railroad* v. *Vreeland*, 227 U. S. 59. *Williams* v. *Vauxhall Colliery Co.* [1907] 2 K. B. 433, 436. *Howell* v. *Bradford & Co.* [1911] 104 L. T. (N. S.) 433. The provisions of § 13, requiring that the amount awarded shall be paid to his legal representatives, or if there are none then to his dependents, but that if paid to the legal representative it shall be paid by him to the dependents, are administrative details relating to the distribution of the fund which cannot affect the right itself. The finding and ruling of the industrial accident board, that the release did not extinguish the widow's claim, was in accordance with the statute.

It is also urged, that the board erred in not deducting from the period computed the time during which the employee resumed work. The decision was right. The statute says, that compensation shall accrue from the date of the injury. St. 1911, c. 751,

Part II, § 6. The only exception is that, where before death weekly payments have been made by the insurer to the employee, the amount payable to dependents begins from the date of the last of such payments. We see no sufficient reason for enlarging the exception. A practical working rule easily applied has been provided, which should not be set aside even if in some cases its application may seem somewhat inequitable. If a change is deemed advisable it should come through legislative enactment.

*Decree affirmed.*