IDA C. TURNQUIST, administratrix, *vs.* FRANK J. HANNON.

Suffolk.   October 6, 1914. — December 31, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Workmen's Compensation Act. Negligence,* Causing death. *Election. Words,* "Employee."

The workmen's compensation act in St. 1911, c. 751, Part III, § 15, contains the following provision: "Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages, or against the association for compensation under this act, but not against both, and if compensation be paid under this act, the association may enforce in the name of the employee, or in its own name and for its own benefit, the liability of such other person." Part V, § 2, of the same chapter contains the provision, "Any reference to an employee who has been injured shall, when the employee is dead, also include his legal representatives, dependents and other persons to whom compensation may be payable." In an action brought in the name of the administratrix of the estate of a deceased employee, for the benefit of the insurer who had paid to the nominal plaintiff under the terms of the workmen's compensation act full compensation for the death of the plaintiff's intestate, against a third person whose negligence had caused the injury that resulted in such death, to enforce for the insurer's benefit the defendant's liability under R. L. c. 171, § 2, as amended by St. 1907, c. 375, for causing the death, it was *held,* that the word "employee" in Part III, § 15, has the same meaning as-

cribed to it in Part V, § 2, so that the election of remedy given to such employee could be exercised by the administratrix of his estate, and that the insurer was given the right to enforce in the name of the administratrix the liability of the defendant for his negligence.

TORT in the name of Ida C. Turnquist, the administratrix of the estate of Peter Turnquist, who, while employed as a cement helper by the Simpson Brothers Company, a corporation, received injuries resulting in his death, the action being brought for the benefit of the Contractors Mutual Liability Insurance Company, against a master teamster whose servant's negligence caused the injuries and death of the plaintiff's intestate, the the declaration containing a first count for conscious suffering and expenses and a second count for causing the death of the intestate. Writ dated January 2, 1913.

In the Superior Court the case was tried before *Fox,* J., without a jury. The material facts are stated in the opinion. The judge refused to make certain rulings requested by the defendant. On the first count, for conscious suffering, he found for the defendant, and on the second count, for causing death, he found for the plaintiff in the sum of $2,500.

The judge filed the following memorandum of decision:

"The accident was caused by the negligence of the defendant's servant acting within the scope of his authority. No contributory negligence of Turnquist or of Simpson Brothers Co. No conscious suffering. Damages for death, $2,500.

"For the purpose of saving questions raised under the compensation act, the case may be reported, if the defendant requests and will prepare and print and enter the report."

The judge accordingly at the request of the defendant reported for determination by this court the questions of law raised by his refusals to make the rulings requested by the defendant, those questions being stated in the opinion.

*A. L. Richards,* (*H. L. Andrews* with him,) for the defendant.

*F. W. Knowlton,* (*C. O. Pengra* with him,) for the plaintiff.

RUGG, C. J. An employee, in the course of his employment by a subscriber under the workmen's compensation act, received mortal injuries through the negligence of an agent of the defendant acting within the scope of his duty. Thereafter, the widow of the employee, who was appointed administratrix of his estate,

made an agreement, both individually and as administratrix, with the insurance company through which the employer was insured, as to the compensation due her for its liability under the act, which was approved by the Industrial Accident Board. St. 1911, c. 751, Part III, § 4, as amended by St. 1912, c. 571, § 9. Substantial sums of money have been paid to her in accordance therewith. This action is brought in her name by the insurance company for its benefit under § 15 of Part III of the act, which is in these words:

"Section 15. Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages, or against the association for compensation under this act, but not against both, and if compensation be paid under this act, the association may enforce in the name of the employee, or in its own name and for its own benefit, the liability of such other person."

The insurance company, in the name of the administratrix as plaintiff, is seeking under the authority of that section to enforce the liability established by R. L. c. 171, § 2, as amended by St. 1907, c. 375, which enables the administratrix of a deceased person, who has lost his life through the negligence of another, to recover against such other person damages in a sum not less than $500 and not more than $10,000, to be assessed with reference to the degree of culpability of the person causing the death.

The sum so recoverable is a penalty to punish the wrongdoer. It is in substance a fine imposed by the Commonwealth for the offense of causing the loss of a human life through negligence, which, instead of being turned into the treasury of the Commonwealth, is paid, one half to the widow and one half to the minor children; if there are no minor children, the whole to the widow; if there is no widow, the whole to the next of kin. *Boott Mills* v. *Boston & Maine Railroad*, 218 Mass. 582. The money which may be recovered under that death statute is not assets in the hands of the administrator, but is required to be paid directly to the widow and children, to the widow, or to the next of kin, as the case may be. *Brennan* v. *Standard Oil Co. of New York*, 187 Mass. 376. The

same provision in effect is made by Part II, § 13, of the workmen's compensation act, except that in the event that there is no personal representative the compensation shall be paid directly to the dependents, or, if there are none, then to the creditor for the expenses of the last sickness and death. Under each of these statutes the executor or administrator of the deceased acts as trustee for the persons designated as beneficiaries and not for all interested in the estate of the deceased, as in ordinary cases.

If the injury to the employee in the case at bar had not resulted in his death, two alternatives would have been open to the employee under the terms of Part III, § 15, of the act; (1) to bring an action at law against the defendant for the injury done him, or (2) to proceed for compensation under the workmen's compensation act. But he could not have pursued both remedies. He would have been bound to elect between the two.

It is provided by Part V, § 2, of the act that "any reference to an employee who has been injured shall, when the employee is dead, also include his legal representatives, dependents and other persons to whom compensation may be payable." These words are comprehensive and inclusive. They occur under the subdivision of the act which, among other miscellaneous provisions, undertakes to define the meaning of numerous words used repeatedly in the several sections. There seems to be no sufficient reason for giving to this definition any other than its natural meaning. The Legislature in enacting this act were dealing in a new way with an old subject which affects vast numbers of plain people. It undertook to codify the law as to the relations between employer and employee in most industrial affairs. An administrative board was created for its execution, no one of whom was required by its terms to be learned in the law. The initial inquiry as to the facts and the application of the act is to be made by the committee of arbitration, which often may be composed entirely of laymen. These considerations make necessary the conclusion that this act ought to be interpreted according to the obvious sense of its words and that exceptions are not to be read into its general provisions unless required by strong reasons. It follows that "employee" in Part III, § 15, has the meaning ascribed to it in Part V, § 2. In the case at bar, the right to elect between remedies which, if he had lived would have belonged to the employee,

passed to his administratrix. She was bound to decide whether to pursue the remedy under the death statute against the defendant, or that afforded by the workmen's compensation act. Whichever course was pursued, the administratrix was the one required to institute proceedings, make settlement if settlement be made, and receive the money to be paid. But that election, when made, was binding. It presented a question of difficulty, because not only of a difference in the amounts which might be recovered under each, but also of the difference in the persons to whom the money recovered would go in each instance. But the decision as to which course to take is peculiarly one for the administratrix to make. It is a question of the same kind which trustees often are called upon to determine. In cases where the dependent under the workmen's compensation act is the widow alone, and where, at the same time, there are minor children, the beneficiaries are different. But the general scheme of the workmen's compensation act contemplates that the mother, to whom alone its compensation in such case would be paid, is in a sense the representative of the minor children, being under a natural obligation to support her minor children. The question does not arise in this case, and hence it is not necessary to decide, whether, in the event that the widow in her own right alone, without appointment as administratrix of the estate of her deceased husband, should settle directly with the insurer, as she may under Part II, § 13, an administrator might enforce for the benefit of the minor children in whole or in part the liability afforded by the death statute against the person wrongfully causing the death of the employee. That would be a difficult question to decide, if it were presented. It is a case which probably was not in the mind of the Legislature when the act was passed. There is nothing inconsistent with this result in *King* v. *Viscoloid Co., ante,* 420. That decision rests upon a common law liability of the employer to a third person which the act does not manifest a purpose to abolish. The act shows a plain determination that under the circumstances here disclosed both remedies shall not be available. See in this connection *Codling* v. *John Mowlem & Co. Ltd.* [1914] 2 K. B. 61.

This conclusion as an interpretation of legislative intent finds some confirmation in St. 1913, c. 448, § 1, enacted since the present action was brought, whereby § 15 of Part III of the act is so

amended that, in the event that a greater sum is recovered by the insurer than is sufficient for indemnification, four fifths of the excess shall be paid to the employee. It is not likely that this amendment would have been passed if it had been the purpose of the Legislature originally to preserve the remedy to an administrator under the death statute as an independent right in addition to the provisions for the benefit of the administrator under the act. Whatever may be said as to the distinct capacities of an administrator when representing the general estate of a deceased and when representing the special beneficiaries under the death statute (as to which see *McCarthy* v. *William H. Wood Lumber Co., post,* 566), it is plain from the tenor of the workmen's compensation act taken as a whole that it was not intended that an administrator of a deceased employee can avail himself both of the benefit conferred by the act, which is prompt, certain and compensatory, and also of that provided by the death statute, which is a penalty imposed upon one proved to have been a tortious wrongdoer and given as a gratuity to the designated persons. While the beneficiaries under the two acts are not necessarily identical, they oftentimes would be. In any event, they constitute always those whom the Legislature has denominated as dependents upon the deceased.

The act by Part III, § 15, does not import into its terms the equitable principle of subrogation. It simply provides that where the insurer has afforded the prompt relief to the dependents of a deceased employee which the act requires, it may enforce for its own benefit the rights against tortious third persons causing his injury which otherwise would have been available to the employee or his representatives.

This right is not dependent upon reimbursement or subrogation. It puts upon the insurer the burden of undertaking what in many instances might be litigation uncertain by reason of disputed facts or novel law, but gives it all the advantage of the right of action which in substance is assigned to it. Hence, it is an immaterial circumstance how much it may have paid or be liable to pay under the act.

Inasmuch as the liability established by the death statute is in substance a penalty or fine, the Commonwealth, through its Legislature, can make such fine payable to any person equitably

entitled to it. No question arises as to recovery over by the wrong-
doer such as was presented in *Boott Mills* v. *Boston & Maine
Railroad,* 218 Mass. 582. Where the Legislature provides that
the one who has afforded prompt relief to the dependents of the
deceased may receive the penalty, there is no legal reason why it
should not be enforced.

*Judgment for the plaintiff on the finding.*