## JOSEPH LABUFF vs. WORCESTER CONSOLIDATED STREET RAILWAY COMPANY.

Worcester.    September 30, 1918. — October 10, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Nuisance. Negligence*, Street railway, Unlawful obstruction of highway. *Way*, Public. *Workmen's Compensation Act. Election.*

In an action by a teamster against a street railway corporation for personal injuries from being thrown from a wagon when the horse he was driving shied at the canvas cover of a rail grinding machine of the defendant that had been left standing on one of its tracks in a public highway, there was evidence that the machine was heavy and cumbrous and had been used in grinding joints of the defendant's rails in another street and then, instead of being placed in the defendant's storage house, which was easily accessible, had been moved to this street and left there from Saturday until Monday and that the accident happened on Sunday, that an ordinance of the city in which the accident occurred provided that no person should place any obstruction of any kind in any highway or street "without a written license from the street commissioner" and that the defendant had obtained no such license. *Held*, that the question, whether the machine made the street dangerous to travellers, was for the jury, and that, if the jury found that the machine constituted an obstruction in the highway, the defendant's failure to procure a license was evidence of its negligence, and that the question of the defendant's liability was for the jury.

By St. 1911, c. 751, Part III, § 15, as amended by St. 1913, c. 448, if an employee whose employer is a subscriber under the workmen's compensation act sustains an injury in the course of and arising out of his employment "under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages, or against the association for compensation under this act, but not against both." An employee having received such an injury under the circumstances described in the statute, who was not shown to have been ignorant of his rights or to have lacked knowledge of all material facts, brought an action of tort against a street railway corporation to recover damages for his injury and afterwards gave notice to the insurer of his employer that he claimed compensation for his injury under the workmen's compensation act. *Held*, that the bringing of the action at law by the employee before he gave notice to the insurer of any claim for compensation was an election by which both the employee and the defendant in the action at law were bound, and that the plaintiff's right to recovery was not barred by his subsequent notice under the workmen's compensation act.

In the case above described it was *said* that, the plaintiff's election of remedy having been complete before his notice to the insurer of his employer, it was not necessary to consider whether a subsequent notice of withdrawal to the insurer operated as a waiver of the claim to compensation.

·. TORT for personal injuries sustained by a teamster on January 9, 1916, by being thrown from a wagon in which he was driving when the horse shied at the canvas cover of a machine for grinding tracks and smoothing the joints of rails ·which the defendant was alleged negligently to have placed and to have allowed to remain on one of its tracks on Southbridge Street, a public highway in Worcester. Writ dated February 2, 1916.

In the Superior Court the case was tried before *Morton,* J. The evidence is described in the opinion. At the close of the evidence the defendant moved that a verdict be ordered for the defendant. The judge denied the motion and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $3,000. The defendant alleged exceptions.

*C. C. Milton,* for the defendant.

*J. Clark, Jr.,* for the plaintiff.

BRALEY, J. While conceding that the plaintiff has been injured and raising no question as to his due care, the defendant's first contention is, that there is no evidence that the accident was caused by its negligence. The jury however would be warranted in finding that the horse driven by the plaintiff, although ordinarily gentle and well broken, becoming frightened by the sudden flapping of the canvas cover on a grinding machine owned by the defendant and left on its railway track located in the public way, over which the plaintiff as a traveller was passing, "bolted or shied," throwing him out of the carriage against a pole, causing serious injuries. It is settled that in common with other travellers the plaintiff had the right to a free and unobstructed use of the street in so far as it had been wrought for travel, subject only to the lawful right of the defendant to maintain its track and to operate its cars. *Hennessey* v. *Taylor,* 189 Mass. 583. *O'Brien* v. *Blue Hill Street Railway,* 186 Mass. 446, 449. The machine which was heavy and cumbrous had been used in grinding joints in another street the day before the accident, which occurred on Sunday. But instead of being placed in the defendant's storage house, which the jury could say was easily accessible, it had been transported on a "crane car" and left in the position previously described where it remained until used on the following Monday. It is unnecessary to decide whether the machine would have been an unjustifiable obstruction if it had been in operation, for the

city ordinance then in force required that, "No person shall in any highway or street place any obstruction of any kind without a written license from the street commissioner," which license the defendant admits had not been obtained.    The question, whether under the circumstances the machine rendered the street dangerous to travellers, was for the jury, and, if they found that it constituted an obstruction, the defendant's failure to procure a license could be properly considered in passing upon its negligence.  *Leahy* v. *Standard Oil Co. of New York*, 224 Mass. 352, 364.  *Hurley* v. *Boston & Maine Railroad*, 228 Mass. 365, 367.  *Finnegan* v. *Winslow Skate Manuf. Co.* 189 Mass. 580, 582. The question of the defendant's liability was properly submitted to the jury.

The plaintiff, when injured, having been a teamster in the employ of a corporation which had become a subscriber under St. 1911, c. 751, and amendatory acts, and having given notice to the insurer of a claim for compensation, the remaining contention is, that he cannot maintain the present action.  By St. 1911, c. 751, Part III, § 15, as amended by St. 1913, c. 448, "Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages, or against the association for compensation under this act, but not against both, and if compensation be paid under this act, the association may enforce in the name of the employee, or in its own name and for its own benefit, the liability of such other person, and in case the association recovers a sum greater than that paid by the association to the employee four fifths of the excess shall be paid over to the employee."   If for the purposes of our decision it is assumed that the plaintiff's injuries arose out of and in the course of his employment, he could not concurrently proceed at common law for damages and under the statute for compensation.  *Barry* v. *Bay State Street Railway*, 222 Mass. 366, 371.   *Hall* v. *Henry Thayer & Co.* 225 Mass. 151.  And where compensation is accepted the insurer at once is subrogated to the employee's cause of action. *Turnquist* v. *Hannon*, 219 Mass. 560.   The plaintiff, who is not shown to have been ignorant of his rights or to have lacked knowl-

edge of all material facts, had at his command the choice of remedies or of remedial rights which were inconsistent and not analogous. *Snow* v. *Alley,* 156 Mass. 193. *Cripps's Case,* 216 Mass. 586, 589. *Turnquist* v. *Hannon, supra.* It was for him to decide whether he would bring suit, or rely on the statute. The action at law, having been begun and pending before he gave notice to the insurer of any claim for compensation, is therefore under these circumstances an election by which he as well as the defendant is bound. *Frisch* v. *Wells,* 200 Mass. 429, 431. *Cripps's Case,* 216 .Mass. 586. *Turnquist* v. *Hannon, supra. Hall* v. *Henry Thayer & Co. supra.* St. 1911, 'c. 751, Part III, § 15. St. 1913, c. 448.

The right of recovery not having been barred, it becomes unnecessary to consider whether the payment by the plaintiff's employer of his wages during the first week of disability was made under the statute, or was a gratuity because of his unfortunate condition, or whether his subsequent notice of withdrawal to the insurer operated as a waiver of the claim to compensation.

*Exceptions overruled.*