WM. CAMERON & CO., Inc., v. GAMBLE.
(No. 6110.)

(Court of Civil Appeals of Texas. Austin.
Oct. 29, 1919. Rehearing Denied
Dec. 10, 1919.)

1. MASTER AND SERVANT ⟐389—WORKMEN'S COMPENSATION ACT; SUBROGATION OF INSURER LIMITED SO THAT EMPLOYÉ MAY SUE THIRD PARTY AFTER RECEIVING COMPENSATION.

Under Workmen's Compensation Act, § 6a, authorizing an injured employé to either sue a third party injuring him or seek compensation, but not to do both, and providing that insurer paying compensation should be subrogated to the employé's rights and should pay any sum recovered in excess of the compensation to the injured employé, an employé after receiving compensation may sue a third party upon the insurer's failure or refusal to sue, and recover full damages minus the compensation previously received.

2. MASTER AND SERVANT ⟐410—WORKMEN'S COMPENSATION ACT; INSTRUCTIONS IN ACTION AGAINST THIRD PARTY PROPER.

In an employé's action against a third party instituted after the employé had received workmen's compensation, an instruction that the jury should deduct the compensation paid for whatever damages they may have found is proper, since a failure to make this deduction would result in double damages.

3. APPEAL AND ERROR ⟐1033(5)—ERROR IN INSTRUCTIONS FAVORABLE TO APPELLANT.

In an action against a third party by an employé who had already received workmen's compensation, any error in an instruction that such compensation should be deducted from any damages found is favorable to defendant, and it cannot complain thereof on appeal.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Action by N. B. Gamble against Wm. Cameron & Co., Incorporated. Judgment for plaintiff, and defendant appeals. Affirmed.

Sleeper, Boynton & Kendall and Sanford & Harris, all of Waco, for appellant.

Tom M. Hamilton and J. A. Kibler, both of Waco, for appellee.

## Findings of Fact.

BRADY, J. Appellee instituted this suit against appellant for personal injuries alleg-

ed to have resulted from appellee's falling into an elevator shaft in the office building of appellant. It was alleged that on or about September 1, 1917, appellee, together with another employé of the Potts Furniture Company, went to the building of appellant for the purpose of delivering a library table sold by the furniture company to a tenant in said office building, and that to deliver such table it was necessary to use an elevator in the building provided by appellant for carrying freight and heavy objects. Appellee averred that, for the purpose of placing the table on the elevator in the ordinary and usual manner, he placed his hand lightly on the lower portion of the door or gate of the elevator shaft for the purpose of locating the lift, when, without warning or notice of any kind, the lower portion of the door or gate dropped, and he was thrown into the elevator shaft and fell a distance of about 18 feet to the concrete foundation, causing serious bodily injuries of a permanent nature.

The grounds of negligence, briefly stated, were that the first floor of the office building at the place where the elevator is located was dark, and that appellant failed to provide proper illumination for same; that appellant failed to provide and maintain on said elevator any means of indicating and showing the location of the lift and a proper bell thereon or other signal by which the lift could be called when needed; that appellant was guilty of negligence in the construction and maintenance of the elevator, and especially the door or gate, in that it was so constructed and maintained that it was necessary for a person desiring to use the same to lean his body over the lower portion of it in order to locate the position of the lift; and also was negligent in failing to provide a proper and secure lock or fastening to the same.

Appellant answered by general demurrer and general denial, and by pleas of contributory negligence, especially the failure to observe the directions of a large warning sign posted on the elevator, and by violating such warning by attempting to operate the elevator; and further that appellee was a trespasser on the property. It also relied upon the special defense that, at the time of his injuries, appellee's employer, Potts Furniture Company, was insured under the Texas Workmen's Compensation Act in the United States Fidelity & Guaranty Company; that appellee had elected to accept and had received compensation under the act, and was therefore barred from prosecuting the suit.

Appellee, by supplemental petition, demurred generally and specially to the defense based upon the Workmen's Compensation Act, as pleaded by appellant, but admitted that he had received the sum of $158.40 under such act, and that the United States Fidelity & Guaranty Company became and was subrogated to the rights of appellee against appellant to the extent of the amount received by appellee. He further pleaded that the Fidelity & Guaranty Company, which was required by the terms of the Workmen's Compensation Act to institute suit against appellant for recovery of the damages sustained by appellee, had failed and refused, and still fails and refuses, to institute suit against appellant, or to authorize appellee to sue, or to join him in his suit, although requested so to do by appellee. It was also specially alleged upon information and belief, that the Fidelity & Guaranty Company carried a policy of insurance issued to appellant, indemnifying appellant against loss and damages arising from accidental injuries to persons by reason of the operation of the elevator upon which appellee was injured, and that for this reason the insurance company refused to join in this suit with appellee, or authorize him to file suit, or to itself institute suit against appellant on its subrogation to the rights of appellee. He further alleged that he was authorized by the Industrial Accident Board to institute and prosecute this suit, and that he had tendered to the United States Fidelity & Guaranty Company the sum received by him under the Workmen's Compensation Act, to be deducted from any judgment he might recover against appellant.

Appellant demurred generally and specially to these supplemental averments, and denied the facts alleged.

The case was submitted to the jury upon a general charge, and a verdict returned in favor of appellee for $2,341.60; the jury, under the instructions of the court, having deducted from the total damages the sum of $158.40, the amount received by appellee under the Workmen's Compensation Act.

In deference to the verdict of the jury, which is sustained by evidence, we find that appellee was injured substantially as alleged through the negligence of appellant, which was the proximate cause of his injuries; that appellee was not a trespasser upon the premises; and that he was not guilty of contributory negligence, as pleaded by appellant. We also find that the insurer, the United States Fidelity & Guaranty Company, failed to bring suit under the subrogation conferred by the Workmen's Compensation Act, for appellee's injuries, and refused to join appellee in the prosecution of this suit, and substantially failed and refused to authorize him to prosecute the same, although requested to do so. We further find that such insurer had issued a policy to appellant, which was in force at the date of the injuries in question, agreeing to hold appellant harmless from liability for injuries resulting from the use of the elevator in appellant's building, and which covered the injuries sustained by appellee.

### Opinion.

[1] The principal question upon this appeal is whether appellee is precluded from maintaining this suit, as a result of his having

accepted compensation under the Workmen's Compensation Law. The proper solution of this question depends upon the effect of section 6a, pt. 2, of chapter 103, Acts of the Thirty-Fifth Legislature, p. 285, which reads as follows:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employé may at his option proceed either at law against that person to recover damages or against the association for compensation under this act, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under the provisions of this act; if compensation be claimed under this act by the injured employé or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employé in so far as may be necessary and may enforce in the name of the injured employé or of his legal beneficiaries or in its own name and for the joint use and benefit of said employé or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employé or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employé or his beneficiaries. The association shall not have the right to adjust or compromise such liability against such third person without notice to the injured employé or his beneficiaries. The association shall not have the right to adjust or compromise such liability against such third person without notice to the injured employé or his beneficiaries and the approval of the board, upon a hearing thereof."

"The association," as used in this section, means the insurance company authorized under the act to insure the payment of compensation to injured employés or beneficiaries, and in this case means the United States Fidelity & Guaranty Company, which insured the appellee as one of the employés of Potts Furniture Company.

We confess to have had great difficulty in determining the proper construction of the section above quoted, and in ascertaining the legislative intent as applied to the facts of this case. Indeed, the interesting question has suggested itself whether the provisions of the section are not so repugnant and irreconcilable as to destroy the force of the entire section. However, it is our duty to reconcile apparently conflicting provisions of a legislative act, or portions thereof, whenever possible to do so; and we believe that this may be done in the present case and a construction given which will save the section.

In the first portion of the section it is clearly stated that the employé may at his option proceed against the third person or wrongdoer to recover damages, or against the association for compensation, but not against both; and it is also clearly expressed that, if he elects to proceed at law against the third person for damages, then he shall not be entitled to compensation under the act. If this were all, there would be no difficulty; or, if there were a similar provision to the effect that, where the employé elected to claim compensation under the act, there should be no right of action against the wrongdoer, the question would be easy of solution, and there would be no occasion for judicial interpretation. The Legislature did not see fit to stop with declaring the result where the employé elects to proceed at law against the third person, but proceeded to subrogate the insurance company to the rights of the injured employé, in so far as may be necessary, and authorized it to enforce either in his name or its own, and for their joint use and benefit, such liability, where the employé elects to take compensation under the act. Provision is carefully made for the reimbursement of the insurance company, and for the payment of any excess recovered to the injured employé or his beneficiaries. The rights of the employé are further safeguarded by the denial to the insurance company of any right to adjust or compromise the liability of the third person without notice to the employé or his beneficiaries, and without the approval of the board upon a hearing of the matter.

It is idle to deny that the Legislature did thus recognize and preserve a substantial right in the employé for the recovery of damages, notwithstanding he should elect to first proceed under the act for compensation. It is true that the insurance company is expressly subrogated to the rights of the employé with respect to the liability of third persons for damages, and is authorized to maintain a suit; but the subrogation is not absolute. As far as substantial rights are concerned, it is limited to reimbursement for any amount paid out by the insurer for compensation under the act, and the reasonable cost of maintaining the suit, together with the right to institute and control the action. This is the most that can be claimed as the rights of the insurance company under the subrogation clause, and there remains the substantial and carefully protected right of the employé or his beneficiaries to receive the excess of the recovery, which may often be largely in excess of the compensation paid under the act and the cost of maintaining suit.

It is also true that this right of the employé or his beneficiaries seems to be primarily enforceable by the insurance company. In a broad sense, however, he is a trustee, and is not vested with the arbitrary discretion to refuse to enforce the liability of third persons, and to fail or refuse to maintain suit, without regard to the facts or legal liability, and thereby foreclose the rights of the employé.

Such a construction would practically nullify the legislative intent, as we gather it from the entire section. It would put it within the power of the insurance company, by collusion or otherwise, to fritter away or to practically destroy valuable rights of others. This seems to us an impossible view of the legislation, especially where the Legislature has safeguarded the rights of the employé to the extent even of denying the insurer the right to adjust or compromise the liability without notice, a hearing by the Industrial Board, and its approval of the settlement. If the insurer cannot arbitrarily or with uncontrolled discretion compromise with the third person the liability for damages, it must follow that it cannot waive the employé's rights to damages by failing or refusing to institute suit when necessary.

It is our construction of this section that the literal language of the first portion, seeming to put the employé upon his election absolutely to either proceed at law for damages, or to claim compensation under the act, but denying both remedies, must yield to the entire language of the section. When thus considered, the conflict is more apparent than real, and the legislative intent fairly ascertainable.

Having indicated our views, let us apply our interpretation to the facts and situation of this case. It appears that the appellee was injured September 1, 1917, and up to November 6, 1917, when this suit was filed by appellee, the insurance company had made no effort to enforce the liability of Wm. Cameron & Co. (Inc.) and had brought no suit thereon. It further appears from the pleadings and the facts that up to July 17, 1918, when appellee filed his first supplemental petition, the insurance company had still failed and refused to institute suit against Cameron & Co., and refused to authorize the plaintiff to sue, or to join in this suit. It was also shown that the insurance company had issued an accident policy to Wm. Cameron & Co., protecting it against liability for accidental injuries on the elevator by which appellee was injured, which was in force at the time of appellee's injuries. This latter fact may account for the insurer's failure to institute suit against the wrongdoer, and its refusal to authorize appellee to sue, and to join him in this suit. Be that as it may, under these circumstances, we think appellee had the legal right to maintain this suit for the recovery of such damages, and that his acceptance of compensation under the Workmen's Compensation Act from the insurance company is no defense to this suit, under the provisions of the act, especially as he bore the expense of its prosecution, and offered to deduct from his recovery the amount paid him by the insurance company as compensation, which deduction was made by the jury under the instructions of the court.

The section we have been discussing, as far as we are aware, has never received judicial interpretation; but it is claimed by appellant that Dallas Hotel Co. v. Fox, 196 S. W. 654, a decision by the Court of Civil Appeals for the Eighth District, is authority for its contentions here. Without discussing that case, in which a writ of error has been granted by the Supreme Court, we think it is sufficient to say that it was decided under the original Workmen's Compensation Act of 1913 (Acts 1913, p. 429), which did not contain section 6a of the act of 1917, nor any similar provision. This section appears for the first time in the act of 1917, and, conceding the correctness of the Dallas Hotel Company Case, it is not any more authority in this case than City of Austin v. Johnson, 204 S. W. 1181, decided by this court, which seems to hold differently from the Dallas Hotel Company Case, but was also decided under the old law, and in which a writ of error was likewise granted.

Appellant also relies upon several Massachusetts cases, namely: Barry v. Ry. Co., 222 Mass. 366, 110 N. E. 1031; Turnquist v. Hannon, 219 Mass. 560, 107 N. E. 443; Cripp Case, 216 Mass. 586, 104 N. E. 565, Ann. Cas. 1915B, 828. It asserts, too, that the Texas compensation statute is copied from the Massachusetts act, and that section 6a, added to our statute by the amendment of 1917, is practically copied from the Massachusetts act (St. 1911, c. 751); and invokes the doctrine that the interpretation given by the courts of Massachusetts is persuasive, if not controlling, as to the proper construction of the section, as it is presumed that in adopting the act the Legislature also adopted the construction given it by the courts of Massachusetts.

It is true that our original Workmen's Compensation Act, enacted in 1913 (Acts 1913, c. 179), appears to have been modeled after the Massachusetts law; but the amendment of 1917 is a comprehensive and complete statute in itself, and amounts to virtually a substitute statute. An inspection of its provisions, and a comparison with the workmen's compensation laws of the several states, and also with the English act, will show that the Legislature borrowed freely from various statutes, and also that it embraces features not found in any other act. But, conceding that Massachusetts was the original source of our legislation on this subject, and that the Massachusetts cases were correctly decided, we do not think they are controlling, or even persuasive here. Giving to the decisions of the Supreme Judicial Court of Massachusetts that deference which rightfully belongs to that high tribunal, universally recognized as a court of the highest authority in this country, the cases cited, because of the statute considered in each of them, are not regarded as in point.

In Turnquist v. Hannon, supra, it is stated that the action was brought by the insurance

company for its benefit, in the name of the administratrix of the deceased employé, under section 15 of part 3 of the Workmen's Compensation Act of 1911, as amended in 1912 (St. 1912, c. 571). The opinion quotes section 15 as in these words:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employé may at his option proceed either at law against that person to recover damages, or against the association for compensation under this act, but not against both, and if compensation be paid under this act, the association may enforce in the name of the employé, or in its own name *and for its own benefit,* the liability of such other person." (Italics ours.)       •

It is obvious that this section of the Massachusetts act differs very materially from section 6a, part 2, of the Texas Act of 1917. For instance, there is no reservation to the employé of any benefits to the liability of the third person, where the employé has elected to take compensation under the act. On the contrary, such election by the employé results in depriving him of any rights whatever against the third person for damages, and expressly confers all his rights upon the insurer. This consideration, alone, serves to distinguish the two statutes. That we are right in this view of the effect of the Massachusetts act, we quote the language of Chief Justice Rugg, who delivered the opinion of the court in the Turnquist Case, at page 565 of 219 Mass., 107 N. E. 445, as follows:

"The act by part 3, § 15, does not import into its terms the equitable principle of subrogation. It simply provides that, where the insurer has afforded the prompt relief to the dependents of a deceased employé which the act requires, it may enforce for its own benefit the rights against tortious third persons causing his injury which otherwise would have been available to the employé or his representatives.

"This right is not dependent upon reimbursement or subrogation. It puts upon the insurer the burden of undertaking what in many instances might be litigation uncertain by reason of disputed facts or novel law, but gives it all the advantage of the right of action which in substance is assigned to it. Hence it is an immaterial circumstance how much it may have paid or be liable to pay under the act."

Thus the Massachusetts court has itself said in effect that, under the statute of that state, where the employé elects to take compensation under the act, he waives all rights to damages against the third person, and his cause of action is assigned absolutely; whereas, under our statute his rights are preserved and jealously guarded. The subrogation of the insurer is limited, and is intended only to prevent a double satisfaction to the employé, and to reimburse the insurer.

In our opinion, the trial court did not err in its rulings denying the defense asserted by appellant under the Workmen's Compensation Act, and the first seven assignments in appellant's brief, relating to this subject, are each therefore overruled.

[2, 3] In the twelfth assignment of error, appellant complains that the trial court erred in instructing the jury that, if they found for the appellee, they should deduct from whatever damages they found the sum of $158.40, paid appellee as compensation under the Workmen's Compensation Act, because that portion of the charge was unwarranted by law, was improper and prejudicial; the evidence showing that appellant neither paid nor authorized the payment of such sum, and, as far as the record shows, knew nothing of such payment.

There is no merit in this assignment, because under section 6a of the Workmen's Compensation Act appellee was not entitled to recover both compensation under the act and damages against the third party, and it was shown by the evidence that the insurance company, which paid the compensation to appellee, was liable under its policy to appellant for accidents occurring on such elevator to indemnify it for any amount paid out by reason thereof. If the trial court had not instructed the jury to make this deduction, it would have resulted in double satisfaction, pro tanto, to appellee for the same injuries, which it is clear the Workmen's Compensation Act intended to exclude. It was proper for the court to instruct the jury to deduct this amount from the damages found; but, if there was any error in so doing, it was favorable to appellant, and it is in no position to complain. The assignment is overruled.

There are a number of other assignments in the brief; but, as they all relate to familiar questions of negligence law, it is not deemed necessary to unduly prolong this opinion to discuss them. However, they have all been carefully considered, and, believing that they are without merit, they are each overruled.

The judgment will be affirmed.

Affirmed.