## MARY A. DONAHUE *vs.* THORNDIKE & HIX, Inc.

### Knox. Opinion March 11, 1920.

*The Workmen's Compensation Act. Employer's rights. Assignment. Election of injured employee. Amendment.*

Under R. S., Chap. 50, Sec. 26, if the injured employee claims compensation under the Workmen's Compensation Act, and the same is awarded, the employer having paid the compensation or become liable therefor, succeeds to the rights of the injured employee to recover damages against the person responsible for the injury. No assignment is required by the terms of the law; but the employer, upon paying the award or becoming liable therefor, is at once vested with the injured employee's right of action against the wrong-doer. The injured employee cannot receive directly Both payment from the third party and compensation from his employer. In proceeding, however, against the wrong-doer the employer is not limited in his recovery to the amount paid by him; Section 26 permits the employer by an action against the wrong-doer to reimburse himself and, also, to recover for the injured employee a sum over and above the amount for which the employer was absolutely liable, if the evidence should permit such recovery.

The liability of such wrong-doer to pay damages in respect to the injury is not affected by the election of the injured employee to receive compensation under the act.

By Section one, paragraph one of the Workmen's Compensation Act of Maine, the term "employer", if the employer is insured, "includes the insurer unless the contrary intent is apparent from the context or it is inconsistent with the purposes of this act." No contrary intent appears from the context of Section 26, nor is such construction inconsistent with said section or the act. It is accordingly held that the instant action was rightly brought in the name of the injured employee for the benefit of the insurance company which paid the compensation awarded. The liability of the defendant is the same whether the action is for the benefit of the injured employee or the insurer.

The action being in form an action at common law to recover damages for personal injuries caused by the negligence of defendant's servant, it is held that the action can be maintained without either an amendment to the declaration, alleging payment by the insurance company for whose benefit the action is brought, or evidence of payments by the insurance company in compliance with the Workmen's Compensation Act.

This is an action on the case brought in the name of the plaintiff for the benefit of the Fidelity & Casualty Company of New York, claiming to succeed to the rights of the plaintiff to recover for personal injuries sustained by reason of the alleged negligence of a servant of the defendant, under the provisions of the Workmen's Compensation Act of Maine. Defendant filed plea of general issue, without brief statement. At the conclusion of the evidence the case was reported to the Law Court for the determination of all questions of law and fact involved in the case, with the stipulation that in the event defendant is liable, damages to be assessed at three hundred dollars.

Judgment for plaintiff with damages assessed at $300.

Case stated in the opinion.

*Rodney I. Thompson*, for plaintiff.

*Charles T. Smalley*, for defendant.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

MORRILL, J. The decision of this case involves the construction of R. S., Chap. 50, Sec. 26, which reads as follows:

"Sec. 26. When any injury for which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation under this act or obtain damages from or proceed at law against such other person to recover damages; and if compensation is claimed and awarded under this act, any employer having paid the compensation or having become liable therefor shall be subrogated to the rights of the injured employee to recover against that person, provided, if the employer shall recover from such other person damages in excess of the compensation already paid or awarded to be paid under this act, then any such excess shall be paid to the injured employee less the employer's expenses and costs of action."

On May 2, 1917, the plaintiff was an employee of one Frank L. Newbert, who then was an assenting employer under the Workmen's Compensation Act, and was insured by the Fidelity & Casualty Company of New York against liability under that act; on that day the plaintiff, through the negligence of a servant of the defendant acting within the scope of his duty, received a personal injury by accident arising out of and in the course of her employment.

We think that the above facts are fairly shown by the evidence and that plaintiff is not chargeable with contributory negligence.

The plaintiff elected to receive compensation under the act, and the same was paid by the insurer. This action was then brought; it is in form an action at common law to recover damages for personal injuries caused by the negligence of defendant's servant; in the writ the defendant is summoned to answer unto the plaintiff "in whose name this action is brought for the benefit of The Fidelity & Casualty Co. of New York;" the plea is the general issue, without brief statement; at the conclusion of the evidence the case was reported to the Law Court for the determination of all questions of law and fact involved in the case. The report states:

"Among other questions of law the following are specifically submitted for determination by the Law Court:

Defendant objected, and exceptions were reserved to all evidence tending to show payments to Mary A. Donahue by the Fidelity & Casualty Company, for the benefit of which Company this action purports to have been brought, on the ground that there was no allegation in the declaration of any such payments. The evidence was received de bene, the contention of the defendant being that the action could not be maintained for the benefit of the insurance company without such allegation and proof.

At the close of the evidence the plaintiff offered the following amendment: And plaintiff says that she has received from said Insurance Company in the way of weekly payments and physician's services performed for her at the expense of said Insurance Company, the sum of $300, and at the time of her injury she was in the employ of one F. L. Newbert, who was an assenting employer under the provisions of the Workmen's Compensation Act.

The Law Court to determine (1) whether the amendment was allowable, (2) if the amendment is not allowed whether the evidence of payments by the insurance company was admissible, (3) whether the action could be maintained without either the amendment or evidence of payments by the insurance company in compliance with the Workmen's Compensation Act."

In considering the questions presented it may be premised that the statute is to be construed liberally and with a view to carrying out its general purpose; the act directs the Industrial Accident Commission to so interpret it, (Section 37) and this court has adopted the same

principle of interpretation. *Simmon's case*, 117 Maine, 175, 177. It is evident, also, that we cannot obtain aid from decisions which interpret statutes differing in phraseology from our own.

The language of Section 26 is clear and comprehensive: "When any injury for which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto," the injured employee has the right, at his option, either to claim compensation under the act, or to obtain damages from or to proceed at law against such other person. The injured employee cannot receive directly both payment from the third party and compensation from his employer. If he receives payment from the third party, it would seem that such settlement, if not set aside, would bar his claim for compensation under the act. *Cripp's case*, 216 Mass., 586, 588; *Page* v. *Burtwell*, (1908) 2 K. B., 758. Nor have we to consider the question of election in its different aspects. *Turnquist* v. *Hannon*, 219 Mass., 560, 564; *Labuff* v. *Worcester Cons. Street Ry.*, 231 Mass., 170.

If the injured employee claims compensation under the act, as here, and the same is awarded, the employer having paid the compensation or become liable therefor, succeeds to the rights of the injured employee to recover damages against such other person. No assignment is required by the terms of the law; but the employer, upon paying the award or becoming liable therefor, is at once vested with the injured employee's right of action against the wrong-doer. *McGarvey* v. *Ind. Oil & Grease Co.*, 156 Wis., 580, 581. In proceeding against such other person the employer is not limited in his recovery to the amount paid by him, as seems to have been held in *U. S. Fidelity & Guaranty Co.* v. *N. Y. Railways Co.*, 156 N. Y. Supp., 615; but the section clearly permits the employer by an action against such other person to reimburse himself and, also, to recover for the injured employee a sum over and above the amount for which the employer was absolutely liable, if the evidence should permit such recovery.

The liability of such other party to pay damages in respect to the injury is not affected by the election of the injured employee to receive compensation under the act. The statute is silent as to the plaintiff in whose name, after payment by the employer, or after his liability is fixed, action shall be brought. The Massachusetts Act

in terms provides that it may be brought either in the name of the employee or in the name of the insurer; and in *Turnquist* v. *Hannon*, 219 Mass., 560, the action was brought in the name of the administratrix of the deceased injured employee, for the benefit of the insurance company. In a case under the Illinois Act it was held that an action was properly brought by the employer against such other person; *Marshall-Jackson Co.* v. *Jeffery*, Wis., 166 N. W., 647; so under the Nebraska Act. *Otis Elevator Co.* v. *Miller & Paine, C. C. A.,* 240 Fed., 376. In the latter case the court said: "The action brought by Miller & Paine against the Elevator Company under its right of subrogation must be treated, so far as the right to recover is concerned, just as if the action had been brought by the administrator of the estate of Pettengill" (the injured employee).

We perceive no good reason why the action for the benefit of the employer may not be brought in the name of either the employer or the employee. The essential allegations as to defendant's liability must be the same in either case. In fact it seems a much more simple procedure to bring the action, as was done in the instant case, in the name of the injured employee for the benefit of the party in interest. The cases on assigned choses in action are analagous.

By Section 1, paragraph 1 of the Workmen's Compensation Act (R. S., Chap. 50), the term "employer", if the employer is insured, "includes the insurer unless the contrary intent is apparent from the context or it is inconsistent with the purposes of this act." We perceive no contrary intent from the context of Section 26, nor is such a construction inconsistent with said section or the act. The clear intent of the section is that the party paying compensation under the act, or whose liability therefor is fixed, shall succeed to the rights of the injured employee to recover against the wrong-doer. We accordingly hold that this action was rightly brought in the name of the injured employee for the benefit of the insurance company which paid the compensation awarded. In *Marshall-Jackson Co.* v. *Jeffery*, supra, it was held that the right of the employer to enforce the employee's claim did not vest in the employer any such right of action which could pass by subrogation to an insurer of the employer for saving him harmless from loss under the compensation law of Illinois. But the inclusive definition of the term "employer," quoted above, is not found in the Illinois Act.

We come to the questions specifically submitted by the report. We are of the opinion that the amendment offered by the plaintiff was allowable; it did not introduce a new cause of action; as before stated, the liability of the defendant was the same whether the action was for the benefit of the injured employee or the insurer. But we think that the proposed amendment was unnecessary, and the evidence of payment by the insurance company immaterial. The defendant could have no possible interest as to the appropriation of the amount for which it was liable, nor could its liability be affected by the fact that the damages recovered might or might not be divided between the employee and insurer. *Turnquist* v. *Hannon*, 219 Mass., 560, 565; *Otis Elevator Co.* v. *Miller & Paine*, 240 Fed., 376. "Just how the amount recovered in this action shall be divided as between the defendants, Miller & Paine, or the insurance company, is no concern of the Elevator Company."

We are accordingly of the opinion that the action can be maintained without either the offered amendment or evidence of payment by the insurance company in compliance with the Workmen's Compensation Act. In fact evidence of the amount paid might have a tendency prejudicial to the plaintiff upon the question of damages.

In accordance with the terms of the report the mandate must be,

*Judgment for the plaintiff.*
*Damages assessed at $300.*