PETER WHALEN vs. ATHOL MANUFACTURING COMPANY.

Hampshire.     September 21, 1922. — October 10, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Workmen's Compensation Act*, Election of remedy by employee. *Election.*

Under G. L. c. 152, § 15, where an insurer has paid compensation to an employee who had elected the remedies under the workmen's compensation act rather than those at common law, it is for the insurer alone to determine whether an action shall be prosecuted to enforce the legal liability of a third person for the damages caused to the employee; and, if the insurer refuses to prosecute such action, the employee has no right to bring against the third person an action in his own name for the benefit of the insurer and for his own benefit.

TORT for personal injury. Writ dated May 6, 1921.

The pleadings are described in the opinion. In the Superior Court, *Aiken*, C.J., made an order sustaining a demurrer of the defendant and ordering judgment for the defendant. The plaintiff filed an appeal "from the order . . . sustaining the defendant's demurrer."

The case was submitted on briefs.

*R. P. Stapleton*, for the plaintiff.

*E. L. Shaw, J. R. Hickey & R. H. Cook*, for the defendant.

PIERCE, J. This is an appeal "from the order of the Superior Court sustaining the defendant's demurrer." G. L. c. 231, § 96.

The facts admitted by the demurrer show that the plaintiff was seriously injured and incapacitated from performing his trade, on April 2, 1919, while in the employment of an independent contractor then engaged in certain work on the defendant's premises; and disclose that the injury was caused under circumstances creating a legal liability in the defendant to the plaintiff employee. The admitted facts further make known that the plaintiff received compensation for said injury under the workmen's compensation act, St. 1911, c. 751 and amendments thereto (see now G. L. c. 152), from the Federal Mutual Liability Insurance Company with which the independent contractor was insured under the said act. It is further admitted that the said insurance company "though often requested, has declined to bring an

action against said defendant for the recovery of damages for said injury, and neglects and refuses to bring an action therefor; [and] that the plaintiff brings this action for the benefit of the said Federal Mutual Liability Insurance Company as well as for his own benefit."

St. 1911, c. 751, Part III, § 15, as amended by St. 1913, c. 448, § 1, now G. L. c. 152, § 15, reads: "Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages or against the insurer for compensation under this chapter, but not against both; and if compensation be paid under this chapter, the insurer may enforce, in the name of the employee or in its own name and for its own benefit, the liability of such other person; and in case the insurer recovers a sum greater than that paid by it to the employee, four-fifths of the excess shall be paid to the employee."

St. 1913, c. 448, § 1, amended St. 1911, c. 751, Part III, § 15, by adding at the end thereof the following: "and in case the association recovers a sum greater than that paid by the association to the employee, four fifths of the excess shall be paid over to the employee."

Before the aforesaid amendment to the statute, it was decided by this court that an employee waives all right to maintain an action for damages against a third person when he exercises his option and elects to take compensation under the statute. This result followed from the express provision of the statute that "the employee may at his option proceed either at law against that person to recover damages, or against the association for compensation under this act, but not against both;" as also by the provision of the statute that "the association may enforce in the name of the employee, or in its own name and for its own benefit, the liability of such other person." *Cripps's Case,* 216 Mass. 586. *Turnquist* v. *Hannon,* 219 Mass. 560. *Hall* v. *Henry Thayer & Co.* 225 Mass. 151. *Labuff* v. *Worcester Consolidated Street Railway,* 231 Mass. 170.

The effect of the provision that the association could enforce the right of action of the employee against third persons "for its

own benefit" was to confer an absolute right in the association, and not to create a right in trust to the sum recovered by action for reimbursement to itself for the compensation paid and for the payment of any excess to the employee. *Turnquist* v. *Hannon,* *supra.* Subsequently there was passed an amendatory statute (St. 1913, c. 448, § 1) by which the employee became entitled to receive of the insurer of the sum recovered four fifths of the excess. By this amendment it is plain the Legislature intended to reduce the right of the insurer in the fund recovered to a reimbursement, and to confer upon the employee a right to receive of the insurer four fifths of the excess of the sum recovered by it over the compensation paid the employee.

Upon satisfaction of a judgment obtained by the insurer against third persons, it holds four fifths of the sum received over compensation paid the employee in trust for the employee; but the obligation to hold the interest of the employee in the excess fund in trust does not arise from or relate to any trust duty of the insurer to prosecute the action, which resulted in a judgment under the authority of the statute to prosecute actions against third persons. Whether it will prosecute such an action is for it alone to determine and the absence of a right in the employee to have an action brought by the insurer cannot be converted into a right by the refusal of the insurer to enforce such action when it is requested so to do. Nor can such refusal justify the maintenance of an action by the employee for the benefit of the insurer and for his own benefit.

*Order affirmed.*