McGARVEY, by guardian *ad litem,* Respondent, vs. INDEPENDENT OIL & GREASE COMPANY, Appellant.

*March 18—April 9, 1914.*

*Master and servant: Workmen's Compensation Act: Cause of action against third person: Assignment to and by employer.*

Where, under sec. 2394—25, Stats. 1913, an employer becomes the owner of a cause of action in tort which an injured employee "may have against any other party for such injury," the employee may assign such cause of action and the assignee, as the real party in interest, may sue thereon. The provision in said section that "such employer may enforce in his own name the liability of such other party" was not intended to render the cause of action nonassignable.

APPEAL from an order of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge.  *Affirmed.*

Plaintiff, a servant of Harley-Davidson Motor Company, while in the course of his employment, was injured by actionable negligence of defendant.   Plaintiff made a lawful claim for his injury under the Workmen's Compensation Act. Such claim was settled and, thereby, the Motor Company succeeded to plaintiff's right against defendant.   Thereafter, for a sufficient consideration, such company, in due form, assigned such claim to plaintiff who commenced this action to enforce it.   These facts were duly alleged.   Defendant demurred for insufficiency and defect of parties plaintiff, in that the Harley-Davidson Company was not joined, and appealed from an order overruling the demurrer.

*Julius E. Roehr,* for the appellant.

*William L. Tibbs,* for the respondent.

MARSHALL, J.   It is conceded, as the fact is, that, in case of an employee, in the course of his employment, being injured by the actionable negligence of a third person, a statutory remedy accrues to him for compensation, against his employer and a common-law remedy against such third person, though he cannot have but one satisfaction.   If he elects to pursue the latter remedy he waives the statutory right, and if he elects to pursue the former, the employer by succession,— *ipso facto et eo instanti,*—becomes the owner of the right against the wrongdoer and "may enforce the same in his own name."   The statute, sec. 2394—25, Stats. 1913, thus provides:

"1. The making of a lawful claim against an employer for compensation under sections 2394—3 to 2394—31, inclusive [the Workmen's Compensation Law], for the injury or death of his employee shall operate as an assignment of any cause of action in tort which the employee or his personal representative may have against any other party for such injury or death; and such employer may enforce in his own name the liability of such other party."

"2. The making of a claim by an employee against a third party for damages by reason of an accident covered by sections 2394—3 to 2394—31, inclusive, shall operate as a waiver of any claim for compensation against the employer."

In case of the employer becoming, in the manner indicated, the owner of a claim for injury to his employee, is such right a mere personal possession of a remedy for protection against loss growing out of the statutory liability, or is it a property right which the employer may deal with the same as an ordinary thing in action,—personally, judicially enforce it or assign it, affording the assignee, as the real party in interest, the right to proceed as legal owner?

In a broad sense, such a claim as the one we are dealing with is a mere chose in action. *Bennett v. Bennett,* 116 N. Y. 584, 23 N. E. 17. It is an incorporeal thing, resting in action,—remediable by an ordinary judicial remedy, as distinguished from a thing in possession. It is assignable and survivable. *Lehmann v. Farwell,* 95 Wis. 185, 70 N. W. 170; *Nemecek v. Filer & S. Co.* 126 Wis. 71, 105 N. W. 225; *Brown v. C. & N. W. R. Co.* 102 Wis. 137, 77 N. W. 748, 78 N. W. 771.

Thus it will be seen that an ordinary claim for damages for a tortious injury to the person, notwithstanding it was otherwise at common law, is a property right which may pass by assignment or operation of law, with the incidental right to a judicial remedy, by and in the name of, the real party in interest, to enforce it. That is the thing which, under sec. 2394—25, Stats., in the circumstances there mentioned, is waived or becomes possessed by the employer, according to the facts.

In providing that the right of the employee shall move from him and vest in his employer by the former making a lawful claim against the latter under the Workmen's Compensation Law, did the legislature intend that, in the transit, it should lose the element of assignability? It is suggested that such is the case because of the language "and such em-

ployer may enforce in his own name the liability of such other party." Was not that language used as a mere declaration of existing law that the real party in interest may and must sue in his own name, and that neither the claim nor the proceeds thus obtained shall be regarded, in any sense, as held in trust for the benefit of the employee?

The statute makers seem to have contemplated that, equitably, a wrongdoer, in the circumstances under discussion, is the one primarily liable; that the statutory right of the injured man should not work for the protection of the tortfeasor; but if insisted upon, the other right shall pass to the employer as an equivalent. The idea was not that the employer should become possessed of the common-law right for mere purposes of indemnity. That seems plain, because of the transition not waiting upon actual payment of the statutory claim, or the enforcement of such common-law claim being limited to the measure of the employer's payment to discharge the statutory liability. In the circumstances mentioned in the statute, the rights of all persons become fixed upon the event of the employee, by action in legal form, making a choice between the two ways open to him. That against the employer being chosen; that against the wrongdoer immediately passes, by operation of law, to such employer. The status then is, according to the letter of the statute, this: The sole source of compensation for the employee is the employer; but, without prejudice to the liability of the wrongdoer, he remaining answerable just the same, but to the then real party in interest, the employer. No different conclusion is contended for by counsel for appellant, except by construction of the statute.

Ambiguity in a statute is a condition of judicial construction. When uncertainty of meaning, with reasonable clearness, begins the duty of judicial construction arises; but so long as there is no need for construction, to attempt it is to pass the line between the judicial and the legislative function. So if the legislative intent in the statute in question be not pretty clearly involved in obscurity, it must be presumed

to furnish the best and, really, the only means for its exposition.

There does not seem to be any obscurity in the statute when viewed in the literal sense. Is there any when we apply it to the situation with which the legislature dealt? None is perceived. To give the employee, at his option, a source of indemnity for his loss without benefiting the wrongdoer or necessarily impoverishing the employer, is reasonable and quite the natural thing. It was very easy to have changed the character of the common-law claim against the wrongdoer from an assignable to an unassignable claim, or have limited it to a mere instrumentality for indemnity. Neither was done. There is nothing unreasonable or absurd in the statute from any viewpoint that we have been able to measure it. Before its enactment the employer could purchase an employee's claim for damages against one who had wrongfully injured him in his person or his property, and enforce it in his own name. In such a case the amount paid for the claim would not militate, necessarily, against its enforceability, or the measure of the recovery, or in any way affect the claim as to assignability. The letter of the statute, as well as its purpose, seems to be that, in case of a compulsory purchase of such a claim the nature of it shall not at all be changed. The use of the word "may" instead of the word "shall" or some other word indicating that the claim in passing by the statutory assignment loses its assignability, pretty clearly shows a purpose to provide for the creation of a status of sole ownership as distinguished from one in trust for the employee.

*By the Court.*—The order is affirmed.