Charles F. Claiborne,
          Judge.

WILLIE WASHINGTON,
          Appellant

vs

T. SMITH & SON

No. 8062.

January 10th, 1921.

8062

WILLIE WASHINGTON,
Appellant

vs                                    No. 8062

T. SMITH & SON

     Appeal from Civil District Court, Hon. Porter
Parker, Judge.

          CHARLES F. CLAIBORNE, JUDGE.

     This is a suit under the Employer's Liability Act No.
20 of 1914 as amended by Act 243 of 1916 and Act 38 of 1918.

     The plaintiff alleged that on March 31st, 1920, he was
employed by the defendant, T. Smith & Son, as a longshoreman;
that he was engaged in loading a steamship under the direction
of the defendant; that while so engaged and while upon the wharf
he attempted to cross a thoroughfare for vehicles when he was
struck by a truck owned and operated by the Crescent Forwarding
Company and thrown upon the floor of the said wharf and severe-
ly bruised about the body and back and side, and cut in his
left hand; that he was confined to the Charity Hospital up to
April 5th, 1920, and on that day removed to his home where he
was confined to his bed for two weeks; that up to the present
time he is totally disabled from performing any work, and will
continue to be so for another four months; that he was earning
$40 a week previous to the accident; that he now elects to re-
ceive the compensation due to him by his employer under the
Employer's Liability Act of 1914 as amended by the Acts of 1916
and 1918. He prays for compensation at the rate of $16 per week
from March 31st, 1920 until he is again able to resume work, and
for $25 expended by him for medicine and medical attention.

     The defendants admitted that plaintiff was working for
them as a longshoreman on March 31st, 1920, that he was struck
by a truck as alleged, and injured, but not as seriously as al-
leged; they deny all the other allegations of the petition and
specially aver:

          "that the injuries that plaintiff received were due to
          a third person; that the plaintiff, under the provisions
          of Act 20 of 1914 and all laws amendatory thereof, had

the option of either receiving compensation or proceeding against the third person who caused the injuries; that on April 12th, 1920, plaintiff informed defendant herein in writing that he had selected to proceed against the third person and that he did not desire any compensation, and in consequence of which, as the plaintiff has elected not to receive any compensation, he is not entitled to a judgment in this case, but must proceed against the third party";

they further aver, that the plaintiff is not entitled to medicine and medical attention for the reason that he elected not to take compensation, and that the defendant owed none unless he accepted the physicians of the defendant.

The plaintiff had also cited as defendant the Union Indemnity Company. The exception of the Company that it was not liable unless the employer becomes insolvent, was sustained and the suit against it dismissed. The plaintiff admits that the judgment in this respect in favor of the Insurance Company is correct.

There was judgment in favor of the defendants, T. Smith & Son, and against the plaintiff Washington, and he has appealed.

Upon the trial of the case the following admission was made:

"It is admitted that on the 12th of April 1920 plaintiff in this case, when he was offered compensation by T. Smith & Son, defendant, stated that he did not want compensation and desired to proceed against the third person, and signed the following document:

New Orleans, La., April 12th, 1920.

"This is to certify that I do not wish to accept compensation from my employer, but wish to make claim against the owner of the truck that injured me on March 31st, 1920.

"Signed"     W. Washington

his     X     mark.

Witnesses:

E. J. Forrest         H. Brasill

The statute upon the subject is Section 7 of Act 20 of 1914 p 49 amended by the Act of 1918 p 52 which reads as follows:

Section 7. "1o Le it further enacted, etc: That when an injury for which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee or his dependent may, at his option, either claim compensation under this act or obtain damages from or proceed at law against such other person to recover damages; and if compensation is claimed and awarded under this act any employer having paid the compensation or having become liable therefor, shall be subrogated to the rights of the injured employee or his dependent to recover against that person, and may compromise the claim therefor in his discretion; &c"

The language of the act sufficiently indicates that the law did not intend to secure to the employee a dual concurrent remedy, one against his employer for compensation under the act, and another for damages under the general law against the third person causing the injury. But the intention of the legislature clearly appears to restrict the action of the employee against one of two parties, either the employer or the third person. The statute distinctly says:

"the injured employee may, at his option, either claim compensation under this act or obtain damages from or proceed at law against such other person to recover damages &c".

He must elect one or the other for a defendant, and one or the other of the remedies; but he cannot recover both compensation and damages. Any other construction would lead to the following consequence, that a workman could sue both his employer and the third person and obtain judgment against both, and thus recover a double indemnity for a single injury; and after the employer had paid the employee, he could, under the statute, sue the third person, and recover from him what he had paid, thus inflicting a double penalty upon the third person. Such a condition of affairs might lead to speculation, collusion, and oppression, which we are bound to presume the legislature did

not intend. Such was the construction of the statute in other jurisdictions. Workmen's Compansation Acts C. J. Pamphlet p 140 § 168.

The question arises, how is this election to be shown, and does the document quoted above evidence such an election?

Agreements and releases by employees, total or partial, for an inadequate consideration, have always been looked upon with suspicion. C. J. Pamphlet p 55 § 47.

The employee may show they were obtained by fraud. id p 141 § 168.

In the case of Boikens vs R Rd , 48 A., 831, the plaintiff had affixed her mark to a receipt for $10 as a "donation", and had acknowledged that the defendant was not at fault and that the accident had occured through her own carelessness. The Court said:

> "   "We cannot attach conclusive importance, under the circumstances, to the mark affixed to the receipt by this ignorant old woman. It was a donation, or at any rate, the word "Donation" is written in the instrument signed. In this instrument she declares that she was not accustomed to the City cars, while, in reality, there were employees present who were aware of the contrary; that she was a frequent passenger, a patron of the road since many years. Such a receipt, signed by any one of ordinary intelligence, would be binding and conclusive". *See 1 Woods 300 Savin no time*

There is not a word of pleading or testimony in this case impugning the validity of the election made by the plaintiff. The document is sufficient to constitute a binding election. It is not necessary that the election be evidenced by a suit.

In the case of Mc Garvey vs Independent Oil Co., 146 N. W., 895, the Court said:

> "In case of an employee, in the course of his employment being injured by the actionable negligence of a third person, a statutory  remedy accrues to him for compensation against his employer and a common law reme-

594

dy against such third person, though he cannot have but one satisfaction. If he elects to pursue the common law remedy he waives the statutory right, and if he elects to pursue the statutory remedy, the employer by succession - ipso facto and eo instanti - becomes the owner of the right against the wrongdoer and may enforce the same in his own name". Workmen's Pamphlet p 141.

In Cripp's case, 104 N. E., 565, Workmen's Pamphlet p 140 (b) the Court said:

"The employee by his election to take damages, even if received without suit, and under the condition that the cause of action must be released would exercise the option given by the statute. It would be too technical and refined a construction to treat the wording of the act as referring solely to an action for personal injuries, and, if the employee had asked for compensation, the settlement with the Company, if not set aside would have barred the claim".

Considering that the election was made a matter of special defense that there is nothing upon the face of it that indicates error or fraud, and that it was not attacked upon the trial of the case by testimony, we feel bound to decide that the defendant had a right to rely upon it as "binding and conclusive" upon the plaintiff.

If the plaintiff is not entitled to compensation under the act, he can claim none of its benefits. He cannot claim medicine and medical attention provided by the act, because they form part of the items of damage to be paid by the employer or third person. But apart from this view, § 4 of Sec. 8 p 517 of the Act of 1916 provides:

"The employer shall in every case furnish the employee reasonable medical, surgical, and hospital service and medicines not to exceed $150 in value, unless the employee refuses to allow them to be furnished by the employer".

We construe that language to mean that it is only after the

employer has refused to furnish that relief, that the work-
man can himself provide them. The reason is obvious; it is
in order that no fraudulent or exaggerated claim should be
built up against the employer. In this case the plaintiff
engaged his own physician without consulting the defendant.
Workman's Compensation Pamphlet p 100 § 97.

                    Judgment affirmed.
                    J anuary 10th, 1921.