MARY SILVIA, widow of Joseph Silvia, deceased, plaintiff below, plaintiff in error, *vs.* GEORGE P. SCOTTEN, GEORGE C. SCOTTEN and LYMAN SCOTTEN, Jr., co-partners trading as George P. Scotten and Sons, defendants below, defendants in error.

1. MASTER AND SERVANT—LIABILITY OF THIRD PERSON UNDER DEATH ACT CONTINUES, NOTWITHSTANDING ACCEPTANCE OF COMPENSATION BY "DEPENDENTS."

Under Workmen's Compensation Act 1917, §131, as to alternative rights of compensation and recovery, and as to subrogation, in view of *Section* 139, defining "dependents" to exclude employee; liability, under Death Act, § 3, of a person other [than the employer to respond in damages for the death of an employee still continues, notwithstanding his dependents have accepted compensation.

2. MASTER AND SERVANT—EMPLOYER PAYING COMPENSATION TO DEPENDENTS SUBROGATED TO RIGHTS AGAINST THIRD PERSON RESPONSIBLE FOR DEATH.

Under Workmen's Compensation Act, § 131, the employer, paying compensation to dependents of deceased employee, is subrogated to their rights against the third person responsible; there being no warrant for rejection of part of the provision that employer shall be subrogated to rights of "injured employee or of his dependents."

3. MASTER AND SERVANT—EMPLOYER PAYING COMPENSATION CAN SUE THIRD PERSON LIABLE FOR EMPLOYEE'S DEATH ONLY IN ITS NAME.

Under Workmen's Compensation Act, § 131, employer, paying compensation to dependents of employee killed through fault of third person, can, under its right of subrogation, sue only in its own name, notwithstanding the word "may"; the statute giving the employer a new right and a remedy, so that it must be strictly construed, and the remedy provided pursued.

HARRINGTON, J., dissenting.

(*October* 23, 1923.)

WOLCOTT, Chancellor, RICE, HARRINGTON and RODNEY, J. J., sitting.

*Philip L. Garrett* and *George W. Lilly* for plaintiff in error.

*James Saulsbury* and *James I. Boyce* for defendants in error.

Supreme Court, October Term, 1923.

Writ of error to the Superior Court of the State of Delaware, in and for New Castle County, No. 37, January Term, 1921.

(See, also, 1 W. W. Harr. (31 Del.) 290.)

This action was brought by the widow of Joseph Silvia, deceased, against the defendants below for damages for the death of Joseph Silvia alleged to have been occasioned by the negligence of the servant of the defendants below, defendants in error.

To the declaration filed by the plaintiff below, plaintiff in error, the defendants pleaded that Joseph Silvia was employed by D. E. O'Connell & Son and that upon his death his widow, the plaintiff below, claimed compensation from D. E. O'Connell & Son under the Delaware Workmen's Compensation Law of 1917 (29 *Del. Laws, c.* 233); that thereafter the widow and the other dependents of said Silvia reached an agreement with respect to compensation in accordance with the provisions of said Compensation Law, a memoradum of which agreement was filed with the Industrial Accident Board and approved by it, whereby the said D. E. O'Connell & Son became liable for compensation to the said widow and other dependents of Joseph Silvia.

A demurrer was interposed to the plea, and was overruled by the court below. Thereupon the plaintiff filed a replication averring that the agreement with respect to compensation referred to in the plea was made on the express understanding and agreement between the plaintiff and D. E. O'Connell & Son that the plaintiff should receive the compensation provided for under the Workmen's Compensation Law and proceed to bring action against the defendants for negligence in causing the death of Joseph Silvia, and that the plaintiff should be bound and liable

to repay to D. E. O'Connell & Son all moneys received by her under said compensation agreement out of any money or damages recovered by her from the defendants, and that this action was brought in accordance with an express agreement between the plaintiff and D. E. O'Connell & Son, the deceased's employer, for the purpose of recovering the compensation paid to the plaintiff by D. E. O'Connell & Son as well as for the benefit of the plaintiff, the dependent of said Joseph Silvia.

A demurrer to this replication was sustained by the court below. At the election of the plaintiff below final judgment was entered in favor of the defendants below. The action of the court below in overruling the demurrer to the plea and in sustaining the demurrer to the replication is brought before this court for review on the pending writ of error.

WOLCOTT, Chancellor, delivering the opinion of the court:

The question before us involves the construction of that portion of the Workmen's Compensation Act of 1917 (*Chap.* 233, *Vol.* 29, *Laws of Del.*), which deals with the liability of an alleged tort-feasor to answer in damages for the death of an employee whose widow and dependents have accepted compensation from the deceased's employer, the alleged *tort-feasor* being a person other than the employer. The portion of the act with which we are concerned is, as follows:

"3193*ll. Section* 131. Whenever an injury for which compensation is payable under this Article shall have been sustained under circumstances creating in some other person than the employer, a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation under this Article, or obtain damages from, or proceed at law against such other person to recover damages, but he shall not proceed against both; and if compensation is awarded under this Article, the employer having paid the compensation or having become liable therefor, shall be subrogated to the rights of the injured employee, or of his dependents to recover damages against such third person, and may recover in his own name or that of the injured employee from the other person in whom legal liability for damages exists, the indemnity paid or payable to the injured employee. Any recovery against such third person in excess of the compensation theretofore paid and thereafter payable by the employer (less the cost of securing and collecting same) shall be paid forthwith, when collected, to the employee or the dependents."

The precise question presented by the record is: may a suit for damages for the death of an employee whose widow and de-

pendents have accepted the benefits of the Workmen's Compensation Act be maintained in the name of the widow against the alleged *tort-feasor* who is a stranger to the contract of employment under which the deceased was engaged at the time of the injury?

In answering this question, we conceive that two inquires are involved, viz.: (1) may the third person *tort-feasor* be sued after compensation has been accepted under the Workmen's Compensation Act? (2) if so, in whose name must the suit be instituted?

[1] First. May the third person be sued? It is well settled that under the common law no action for damages could be maintained against a person who by his wrongful act, neglect or default may have caused the death of another person. Such was the rule in England until the passage of Lord Campbell's Act, 1846. Such also was the rule in this state until the enactment in 1866 of the Delaware Death Act (now printed as *Section* 4155, *Rev. Code of Del.* 1915). This act is as follows:

"4155. *Sec. 3. Personal Injury Actions; Who May Prosecute; Death by Unlawful Violence or Negligence; Who may Sue.*—No action brought to recover damages for injuries to the person by negligence or default shall abate the reason of the death of the plaintiff; but the personal representatives of the deceased may be substituted as plaintiff and prosecute the suit to final judgment and satisfaction.

"Whenever death shall be occasioned by unlawful violence or negligence, and no suit be brought by the party injured to recover damages during his or her life, the widow or widower, * * * the personal representatives, may maintain an action for and recover damages for the death and loss thus occasioned."

By this act a person whose negligence or unlawful violence is responsible for the death of another is liable in damages to the parties named in the act as entitled to sue. The Workmen's Compensation act does not repeal this act either expressly or by implication so far as the liability of the non-employing *tort-feasor* is concerned. Certainly if no compensation has been accepted under the Compensation Act, the employee if living and the widow or widower or personal representative, as the case may be if the employee has died without bringing suit, are left in possession of all the rights accorded to them by the law against third persons *tort-feasors* as fully as though the Compensation Act had never

been adopted. There is nothing in the provisions of the Compensation Act which destroys the liability of a non-employer tort-feasor to respond in damages to the proper party for the death of an employee, notwithstanding such employee or his dependents has or have accepted the benefits of the Workmen's Compensation Law. When the purpose of the Workmen's Compensation Act is borne in mind it would be highly unreasonable to assume that in its enactment. the Legislature intended to save a class of wrong-doers who are in no wise related to the compensation scheme from the liability which the law had theretofore imposed upon them. The Workmen's Compensation Act concerns only employer and employee and is designed to afford a fair and equitable adjustment of their mutual rights and obligations, primarily for the benefit of the employee. A stranger to the employment is outside of the act's contemplation, and his liabilities are not intended by the act to be disturbed. The only particular in which the act deals with him appears in *Section* 131, and here there is no attempt to destroy his liability, the sole purpose of the section being to make an alteration in the theretofore existing law in respect to parties plaintiff against him in case compensation has been agreed upon.

In its first clause *Section* 131 speaks of an injury done by some person other than the employer for which a legal liability to pay damages exists and provides that the injured "employee" may elect to accept compensation or proceed at law against the wrong-doer for damages, but "he (the employee) shall not proceed against both."

It is apparent that liability under the death statute is not within the literal scope of this language, because under said statute there is no right of action in the "employee." The action under that statute is in favor of the widow or widower, or if there be no widow or widower in the personal representatives. Thus far, therefore, the section would appear not to contemplate in any manner the liability created by the death statute. But later in the section it is provided that in case the employer pays compensation he shall be "subrogated to the rights of the injured employee, or of his *dependents*," and further, that in case the employer re-

covers from the other person in whom legal liability exists an amount in excess of the compensation already paid and to be paid, such excess "shall be paid forthwith, when collected, to the employee or the dependents." By *Section* 139 of the Compensation Act the term "dependent" is defined to exclude employee and to embrace *inter alia* "personal representatives, and the widow or widower of the deceased." The only right of action that dependents of this class can have for damages against a *tort-feasor* and to which the employer can, therefore, be subrogated is the right of action created by the Death Act. Taking *Section* 131 in its entirety it would, therefore, appear that notwithstanding its first clause seems to refer solely to rights of action which have no connection with the death statute, the later provisions which deal with the subrogation right of the employer and with the payment to dependents of the excess above compensation recovered by the employer must contemplate as well the right of action created by the Death Act. Unless the Death Act liability is recognized and contemplated by *Section* 131, we are at a loss to discover any cause of action to which the word "dependents" found in the section can be made to relate.

Our conclusion, therefore, with respect to the first question is, that liability under the Death Act of a person other than the employer to respond in damages for the death of an employee still continues notwithstanding his dependents have accepted compensation under the Workmen's Compensation Act.

[2] 2. The next inquiry is, who may assert this liability? The court below held that the widow, the plaintiff in this case, having accepted compensation under the Workmen's Compensation Act could not maintain an action under the death statute because under the provisions of *Section* 131 of the Compensation Act she was put to her election as to which remedy she would pursue, and having elected to take compensation she thereby precluded herself from proceeding under the Death Act. We see no error in this ruling.

The death Act does two things. It creates a liability where none had theretofore existed, and it provides who may assert a

claim for damages based on that liability. As we have herein-
before pointed out, the liability created by the Death Act is not
disturbed in any way by *Section* 131 of the Compensation Act.
Indeed such liability is by necessary construction plainly recog-
nized. While, however, the Compensation Act does thus recog-
nize the continuance of the liability under the Death Act, it does
not adopt its provisions with respect to who may bring suit to
assert it. On this question, viz., who may sue to assert the liability?
the Compensation Act in *Section* 131, when compensation has
been paid, in substance amends the Death Act. It appears to be
the plain intent of the Compensation Act to provide that when
compensation is paid, or to be paid, the liability of the third per-
son *tort-feasor* while continued in full force is nevertheless primarily
preserved for the compensating employer. We can gather no other
meaning from the language of *Section* 131, which provides that
the employer upon paying or becoming liable to pay compensation
"shall be subrogated to the rights of the injured employee or of his
dependents." The effect of this language is in essence to operate
as an assignment of all the rights of the employee or his dependents
to the employer as soon as the latter pays, or becomes liable to
pay, compensation under the act. *Mass. Bonding & Ins. Co. v.
San Francisco Rys. Co.*, 39 *Cal. App.* 388. 178 *Pac.* 974. Unless
this be so, the *tort-feasor* in such cases would be exposed to a double
liability, first to the employee, or to the widow, widower or personal
representative under the Death Act, and second to the employer
under the Compensation Act. To avoid such double liability the
latter act in *Section* 131 expressly denies to the employee the right
to proceed against both the *tort-feasor* and the employer, and by
necessary construction the same denial of a right to proceed against
both is laid upon the dependents. The scheme of subrogating the
employer to the rights of the employee and his dependents re-
quires in reason that the tort-feasor should thereafter respond in
liability only to the employer. When the employee or his depen-
dents agree to accept compensation from the employer any claim
for damages either may have against a third person is surrendered
by them in favor of the employer and control over such claim

rests in his exclusive possession. As was said by the court in *McGarvey v. Independent Oil Co.*, 156 *Wis.* 580, 146 *N. W.* 895, "the employer by succession—*ipso facto et eo instanti*—becomes the owner of the right against the wrongdoer." He may assert it or not as he sees fit. If perchance the claim for damages against the third person is far in excess of the amount of compensation allowed under the Compensation Act, the employee, or his dependents to whom such excess belongs in the event that the employer collects it, have no way of collecting it except as the interest or grace of the employer may prompt him to act. In this respect they are at his mercy. The risk that he will not act to collect full damages from the person liable is a hazard they take in electing to proceed under the Compensation Act. This may not be fair and just to the employee and his dependents. Indeed it would appear to us not to be. But it is the result which the language of the act clearly indicates as the legislative intent, and we have no choice but to observe it.

In order to escape the conclusion that the statute means to subrogate the employer to the rights of "dependents" (which term includes the widow) and thus to avoid the logical consequences flowing therefrom, the plaintiff in error argues that the word "dependents" whenever it appears in the section must be rejected as surplusage. We do not feel warranted, however, in dealing so freely with the language of the Legislature. It must be assumed that the word was employed to express a purpose, and being able as we are to discover a rational purpose in its use, we are not at liberty to strike the word from its context.

[3] It thus appearing that the employer is in exclusive possession of the claim for damages against the third person *tortfeasor*, the next question is, how must he assert the claim? The statute in *Section* 131 answers this question. It provides that he "*may* recover in his own name, or that of the injured employee." In the instant suit recovery is sought, not in the name of the employer, nor in that of the employee. It is sought in the name of the widow, and the widow is neither the employer nor employee. In this particular the case is distinguishable from *Hall, Adm'x, v.*

*Thayer & Co.*, 225 *Mass.* 151, 113 *N. E.* 645, to which we are referred by the plaintiff in error.   In the Hall Case the Massachusetts Compensation Act was involved, and while that act in a provision quite similar to our *Section* 131 provided that the employer could sue in his own name or that of the employee, yet the arbitrary definition given by the Massachusetts act to the word "employee" embraced "legal representatives, dependents and other persons to whom compensation may be payable."   No such arbitrary definition brings the widow within the scope of the word "employee" in the Delaware act.

Thus the suit is not in a name authorized by the Compensation Act.   It is apparent that the widow's name is used as party plaintiff under the impression that the designation of parties found in the death statute may be properly followed.   But this we think is an erroneous impression.   While, as we have indicated, the liability created by the death statute is preserved by the Compensation Act, the provision as to parties found in the former is amended by the latter when compensation is agreed upon.   The cause of action after compensation is payable belongs to the employer.   It is a legal right which the employer never before enjoyed, a new right, and the Compensation Act provides how he may enforce it.   The fact that  the language is permissive (such being the nature of "may") in no wise detracts from the imperative necessity that the employer shall proceed according to one or the other of the permitted ways.   "Where a right is given and a remedy provided by statute, the remedy so provided must be pursued."   That is the language of the court in *People v. Craycroft*, 2 *Cal.* 243, 56 *Am. Dec.* 331.   In 2 *Sutherland on Statutory Construction* (2d *Ed.*), § 632, in the chapter wherein the author discusses mandatory and directory statutes, the following is found:

"Where a statute confers a new right, privilege or immunity the grant is strictly construed, and the mode for its acquisition, preservation, enforcement and enjoyment is mandatory."

To the same effect is 25 *R. C. L.*, § 283, "*Statutes*," *p.* 1058, where it is said:

"Where a statute creates a new right, and prescribes a remedy for its violation, the remedy thus prescribed is exclusive."

This principle was applied in this state in *Kennedy v. Delaware Cotton Co.*, 4 *Penn.* 477, 58 *Atl.* 825, where the language of the Death Act in prescribing who "may" sue under it was held in substance to be mandatory in character.

Our conclusion with respect to the second question, therefore, is that while the liability under the Death Act is unimpaired by *Section* 131 of the Compensation Act, yet its assertion is controlled exclusively by the employer and he must, when he asserts it, do so either in his own name or that of his employee. Of course, if the employee be dead, then the employer's own name is the only one left to him in which to sue. He cannot sue in the name of the widow.

In disposing of this case we have not paused to consider whether the replication does not show that the suit is not only in the name of the widow, but as well in fact for her own benefit, and not for the benefit of the employer. In order that there may be an express ruling of this court upon the important question of parties in cases such as this, we have assumed that the replication does show the suit to be in the widow's name but for the employer's benefit. We rest our conclusion squarely upon the point that the employer cannot use the widow's name as party plaintiff. He must pursue strictly the permission granted him by the statute, viz., sue either in his own name, or in that of the employer.

The judgment below is affirmed.

HARRINGTON, J., (dissenting): I concur in that part of the opinion of the majority of the court which holds that the Death Act is not affected by the Compensation Act, where dependents of a deceased employee do not accept compensation from the employer.

I regret, however, that I am unable to concur in that part of it which holds that an employer, who has paid compensation to dependents for the death of an employee, cannot recover in the name of the widow of such employee against a third person whose negligence caused the employee's death.

The solution of this question depends upon the construction of the Workmen's Compensation Act (*Chap.* 233, *vol.* 20, *Laws of Del.*). The important sections to consider are 131 and 139.

*Section* 131 is quoted in its entirety in the majority opinion, and I will, therefore, quote merely what I deem to be the material parts of it.

The language of this section is somewhat ambiguous. It provides that:

"Whenever an injury for which compensation is payable, * * * shall have been sustained under circumstances creating in some other person than the employer, a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation * * * or obtain damages from, or proceed at law against such other person to recover damages, but he shall not proceed against both."

The subrogation clause then follows. It provides, in substance, that if compensation is awarded, the employer shall be subrogated to the—

"rights of the injured employee, or of his dependents, to recover damages against such third person, and may recover in his own name or that of the injured employee from the other person in whom legal liability for damages exists, the indemnity paid or payable to the injured employee."

It further provides that any amount recovered by the employer from such third person, in excess of the compensation paid or payable by the employer, shall, when collected, be paid to the "employee or the dependents."

The majority opinion says, with respect to these provisions of *Section* 131:

"Taking *Section* 131 in its entirety, it would, therefore, appear that, notwithstanding its first clause seems to refer to rights of action which have no connection with the death statute, the later provisions, which deal with the subrogation right of the employer and with the payment to dependents of the excess above compensation recovered by the employer, must contemplate the right or rights of action created by the Death Act. Unless the Death Act's liability is recognized and contemplated by *Section* 131, we are at a loss to discover any cause of action to which the word 'dependents,' found in this section, can be made to relate."

The majority of the court, therefore, in effect hold:

(1) That though the first part of section 131, in express terms, merely refers to the liability of negligent third persons to an "injured" employee, and provides that the injured employee may, at his option, either claim compensation, or proceed at law to recover damages from the negligent third person, it is clear from the language of the section read as a whole that it applies whether the employee was killed, or whether he merely received injuries, not resulting in death.

(2) That, considering the context of the whole section, the term "employee," as used in the first part of *Section* 131, with respect to the right to recover damages against a negligent third person causing the death of an employee, is, also used in the sense of dependents and that the dependents of such a deceased employee have a right of action under the Death Act, which, for that purpose, must be read in connection with the Compensation Act.

I am in accord with both of these conclusions.

The result of the majority opinion is that it construes the first part of *Section* 131, as though it read:

"The employee (or his dependents) may, at his (or their) option, either claim compensation, * * * or obtain damages from or proceed at law against such other person to recover damages, etc.; * * * and if compensation is awarded * * *the employer * * * shall be subrogated to the rights of the injured employee, or of his dependents, to recover damages against such third person."

When, however, the majority of the court construe the latter part of precisely the same sentence—providing that the employer who has paid or become liable for compensation "may recover in his own name or that of the injured employee"—they construe the language used literally and disregard the meaning they had already given the term "employee" in the preceding part of the sentence.

After the above quotation, the statute proceeds to provide what the employer may recover, viz., "the idemnity paid or payable to the injured employee."

It, also, necessarily follows from the conclusions reached in the majority opinion that, when the employee is killed by the negligent third person, the term "employee," as used in this clause, means "dependents."

If the conclusion of the majority of the court were otherwise, no indemnity would have been paid and there would, therefore, be nothing for the employer to recover.

If the term "employee" be so construed in both a prior and subsequent part of the same sentence and section, why the same construction does not apply in that part of the sentence, which provides that the employer who has paid compensation may recover in his own name, or that of the "injured employee," is not pointed out.

Lewis in his edition of *Sutherland on Statutory Construction* (*vol.* 1), § 399, thus states the principle involved:

"A word, or phrase, repeated in a statute will bear the same meaning throughout the statute unless a different intention appears."
See, also, *N. Y. Central R. Co. v. Lazarus*, 298 *Fed. Rep.* 900 (902).

I am unable to find anything in *Section* 131 indicating that the word "employee" was not used in the same sense throughout the section, and the rule above quoted certainly would lose none of its force when applied to the same word in the same sentence.

If the term "employe" be construed in the same manner throughout the sentence, the clause with respect to bringing suit would, in effect, read: the employer who has paid or become liable for compensation "may recover in his own name or that of the injured employee (or his dependents)."

When so construed, the solution of the question involved here is clear.

*Section* 139 defines "dependents" and provides that wherever the context requires it the term shall be held to include, among other persons, the personal representative and the widow of the deceased employee.

The *Death Act* (*Chap.* 210, *vol.* 22, *Laws of Del.*), in substance, provides that whenever death shall be occasioned by unlawful violence, or negligence, damages may be recovered in an action by the widow or widower of the deceased person, or, if there be none, by his personal representative.

The deceased employee in this case left a widow; a suit by the employer against the negligent third person, in the name of the widow of such employee, would, therefore, seem to be authorized by *Section* 131 of the Compensation Act, as read in connection with the Death Act.

Both *Hall v. Thayer & Co.*, 225 *Mass.* 151, 113 *N. E.* 644 and *Turnquist v. Hannon*, 219 *Mass.* 560, 107 *N. E.* 443, support this conclusion. While the suits in those cases were by the personal representatives, the same principles were involved.

The Massachusetts statute is very similar to our statute. It provides that, if compensation be paid by the employer, suit "may" be brought against the negligent third person, in the name of the State Insurance Association, or in the name of the employee.

It is true that the Massachusetts statute defines "employee" but the majority of the court have construed "employee," as used in our statute, to mean "dependents," and that word has been expressly defined by *Section* 139 of the Delaware statute.

If the conclusion reached by the majority of the court be correct, an employer, who has paid compensation to an employee for injuries not resulting in his death, "may" recover either in his own name *or* in the name of the "injured employee"; yet, where compensation is paid the dependents of a deceased employee, based on precisely the same clause of the statute, suit against the negligent third person can only be brought in the name of the employer. Considering the alternative language used, as well as the optional word "may," I find nothing in *Section* 131 read as a whole that justifies the conclusion that such a result was intended.

It is true, as stated by the court below, and also, by the majority of this court, that the Compensation Act contemplates that the dependents of an employee, killed by the negligent act of a third person, as well as the merely injured employee, must elect whether to accept compensation, or to sue the *tort-feasor*. *Turnquist v. Hannon*, 219 *Mass.* 560, 107 *N. E.* 443; *Hall v. Thayer*, 225 *Mass.* 151, 113 *N. E.* 644; *Barry v. Bay State Street Ry. Co.*, 222 *Mass.* 366, 110 *N. E.* 1031; *Miller v. N. Y. Ry. Co.*, 171 *App.*

*Div.* 316, 157 *N. Y. Supp.* 200; *McGarvey v. Independent Oil Co.*, 156 *Wis.* 580, 146 *N. W.* 895.

The real question here, however, is a broader one than that; it is whether the employer who has paid compensation to the widow and children of a deceased employee, may proceed in the name of the widow of such deceased person against the negligent third person who caused his death.

My conclusion is that while the employer might have prosecuted the suit in this case in his own name, a suit by him in the name of the widow of the deceased employee is, also, authorized by the statute.

Additional reasons might be given, in support of this conclusion, but it seems unnecessary to state them at the expense of prolonging this opinion.