MELELLA v. SAVAGE et al.
Civil Action No. 417.

District Court, D. Delaware.
March 2, 1945.

William H. Foulk, of Wilmington, Del., for plaintiff.

William Poole (of Southerland, Berl & Potter), of Wilmington, Del., for proposed intervener, Delaware Coach Company.

James R. Morford (of Marvel & Morford), of Wilmington, Del., for defendant Savage.

William Prickett, of Wilmington, Del., for defendant Hagan.

LEAHY, District Judge.

1. At common law the present widow would be without remedy to sue for negligence causing the death of the husband; but today her right depends on the statutes of Delaware. Szymanski v. Blumenthal, 3 Pennewill, Del., 558, 52 A. 347. Delaware's Lord Campbell's Act creates liability where none had theretofore existed and provides who may assert a claim for damages for the negligent death of the husband; except that when the death arises out of or in the course of the employment of the deceased and the widow elects to receive compensation under the Delaware Workmen's Compensation Law, Revised Code of 1935, c. 175, an express limitation attaches to sue under the Delaware Death Act.* Silvia v. Scotten, 2 W. W.Harr., Del., 295, 122 A. 513.

2. Concededly, plaintiff accepted compensation from the employer, Delaware Coach Company, prior to the institution of this suit. Having made her election, plaintiff had no cause of action at the time of the filing of the complaint; Silvia v. Scotten, supra; and the cause of action once owned by her under the Delaware Death Act was transferred by operation of law to the employer by virtue of the Delaware Workmen's Compensation Law. In short, her acceptance of compensation subrogated the employer to her right of action. It is the employer's right to control the litigation concerning that right of action; he may limit the recovery, by settlement or otherwise, "to the exact amount of compensation paid by such employer, and thus defeat the claim of the * * * widow to the excess damages which might be collectible above the amount of compensation paid" by the employer. Travelers Insurance Co. v. E. I. Du Pont De Nemours & Co., 1 Terry, Del., 285, 9 A.2d 88, 89, 91.

The right to sue under these circumstances is more than a procedural matter. It is a matter of substance. The rule of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, is as equally pertinent as Rules 17(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. As stated above, where a widow accepts compensation under the Delaware law, an assignment of the original cause of action runs to the compensating employer. He becomes "the owner of the right against the wrongdoer." Hence, the widow cannot sue in her own name either on her own behalf or on behalf of her husband's former employer; the employer, on the other hand, may sue either in the name of the widow or in his own name. But he, under the circumstances stated, must be the active litigant. He cannot break into a proceeding as intervener where the original plaintiff had

---

* Sec. 38 of the Delaware Workmen's Compensation Law Rev.Code Del.1935, § 6108, provides:

"Injury, Liability of Third Person For; Employee May Elect; Subrogation of Employer:—Whenever an injury for which compensation is payable under this chapter shall have been sustained under circumstances creating in some other person than the employer, a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation under this chapter or obtain damages from, or proceed at law against such other person to recover damages, but he shall not proceed against both; and if compensation is awarded under this chapter, the employer having paid the compensation or having become liable therefor, shall be subrogated to the rights of the injured employee, or of his dependents to recover damages against such third person, and may recover in his own name or that of the injured employee from the other person in whom legal liability for damages exists, the indemnity paid or payable to the injured employee. Any recovery against such third person in excess of the compensation theretofore paid and thereafter payable by the employer (less the cost of securing and collecting same) shall be paid forthwith when collected, to the employee or the dependents."

260

no cause of action at the time of institution of suit.

3. There may be cases where hardship arises when the employer is unaware that suit has been instituted by the widow, and to refuse intervention to the employer would leave him without remedy to enforce his equitable right of subrogation—for example, due to the running of a statute of limitations. However, this is no valid reason for extending the doctrine of intervention in favor of a subrogated employer, because once he commences his payments to the widow under the apposite workmen's compensation statute, he should make an independent effort to protect his right of subrogation by instituting suit either in his own name or that of the widow under the statute which gives him that right.

4. The case at bar raises no question of an applicable statute of limitations as several more years must expire before the original cause of action is barred. If it be said that the refusal of intervention here, with the resultant dismissal of the complaint, constitutes a ritualistic fervor for procedural forms, our position is that when the legislature creates new rights of action in favor of persons such persons must be quick to protect those rights. The result of the present holding is that the complaint will be dismissed, and the corporation seeking intervention will be required to file its own action under Sec. 38 of the Delaware Workmen's Compensation Law either in this court or the Superior Court of the State of Delaware.