**REHRER et al. v. SERVICE TRUCKING CO., Inc. et al.**

Civ. A. No. 1445.

United States District Court
D. Delaware.
April 14, 1953.

George Sands and William H. Bennethum (of Morford, Bennethum, & Marvel), of Wilmington, Del., for plaintiffs.

William Prickett, of Wilmington, Del., for defendants.

LEAHY, Chief Judge.

This is a death action for damages. George H. Rehrer, husband of Zella M. Rehrer, died in Delaware as a result of a collision between a truck which was operated by him (as an employee of The Sico Company, a Delaware corporation) and a truck which Howard H. Trice was driving (as an employee of Service Trucking Co., Inc., a Maryland corporation). Rehrer brought no suit during his lifetime. The present action was instituted on January 7, 1952, in the Superior Court of the State of Delaware, and service on defendants was made under the provisions of the nonresident motorist statute of Delaware, 10 Del.C. § 3112. On February 8, 1952, defendants removed the action to this court. The plaintiffs in this action are Zella M. Rehrer, Sico and Indemnity Insurance Company of North America, a

Pennsylvania corporation. Defendants are Service Trucking Co., Inc. and the individual truck driver, Howard H. Trice.

The widow, Mrs. Rehrer, entered into a compensation agreement with Indemnity under the terms of a compensation policy in force between Indemnity and Sico.

Defendants moved, as against Sico and Indemnity, for summary judgment or for judgment for failure to state a cause of action on which relief could be granted. The motion as to Indemnity was withdrawn.

The question for decision is this: When a widow has a cause of action under the Delaware Death Act and the compensation carrier of her husband's employer has paid her compensation under the Pennsylvania Compensation Statute, to which her husband was subject, is the former employer of the husband a proper party to the death action against a third party tort-feasor? The applicable provisions of the Pennsylvania Compensation Statute [1] and the Delaware Statute [2] are noted.

1. Plaintiffs argue the employer may be joined with the widow and insurance carrier as a party plaintiff in an action for a wrongful death under the Delaware Death Act when compensation is paid under the provisions of the Pennsylvania Workmen's Compensation Law. Plaintiffs look to Delaware law to show that any claim for damages a widow has, under the Delaware Death Act, transfers to the employer when the widow accepts compensation for her husband's death; [3] and the employer is subrogated to the extent he became liable to a dependent to whom the wrongdoer is also liable under the provisions of the Delaware Death Act, and any damages received in excess of the tort liability is for the benefit of the widow. [4] Likewise, plaintiffs claim that under Pennsylvania law it is proper to join widow, employer and insurance carrier as parties plaintiff. [5]

2. In support of its motion that Sico, the employer, has no right of action in the instant case, defendants argue that under Pennsylvania law, when employer has insured his liability, the party subrogated is the insurance carrier, not the employer.

The critical point, here, is an understanding of the exact nature of subrogation. Subrogation is the right of one, who has paid an obligation which another should have paid, to be indemnified by the

1. Section 401:
"The term 'Employer,' when used in this article, shall mean the employer as defined in article one of this act, or his duly authorized agent, or his insurer if such insurer has assumed the employer's liability, or the fund if the employer be insured therein." 77 P.S. § 701.
"Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article · by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. Any recovery against such third person in excess of the compensation theretofore paid by the employe shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future installments of compensation." Act of June 2, 1915, P.L. 736, Art. III, § 319 as last amended by Act of May 29, 1951, Act No. 125, § 1, 77 P.S. § 671.

2. 1953 Code Title 10, § 3704(b):
"Whenever death is occasioned by unlawful violence or negligence, and no suit is brought by the party injured to recover damages during his or her life, the widow or widower of any such deceased person, or, if there is no widow or widower, the personal representatives, may maintain an action for and recover damages for the death and loss thus occasioned."

3. Silvia v. Scotten, 2 W.W.Harr. 295, 122 A. 513.

4. Travellers Ins. Co. v. E. I. DuPont De Nemours & Co., 1 Terry 285, 9 A.2d 88.

5. Scalise v. F. M. Venzie Co., 301 Pa. 315, 152 A. 90; Gentile v. Philadelphia & Reading Ry., 274 Pa. 335, 118 A. 223.

other. The basis of subrogation is payment.[6]

■■ The complaint alleges the agreement for compensation was between the carrier and Mrs. Rehrer. Indemnity, and not Sico, paid the compensation. I fail to see how Sico can have any interest in any verdict rendered in the case at bar. Under Pennsylvania law the "employer" is "subrogated" to the original owner of the cause of action against a third party tort-feasor to the extent of the amount of compensation paid. If employer has insurance, then "employer" means the "insurer". Recovery on any verdict to be rendered in this case would be distributed first to the carrier, Indemnity, and the balance would go to the widow, Mrs. Rehrer. This, because it is the compensation carrier, who pays, who is the real subrogee,[7] and not the employer, who pays nothing.

In the Sparks v. Huber case (fn. 7), the Delaware Court had for decision whether the employer or his carrier had been subrogated when carrier and not employer had paid the compensation. The Court held insurer and not employer was subrogated.[8] See, too, Judge Rodney's decision, in applying Pennsylvania law, in State of Maryland, for the use of Carson v. Acme Poultry Corp., D.C.Del., 9 F.R.D. 687, 689.[9]

■ While my opinion in Melella v. Savage, D.C.Del., 59 F.Supp. 258, is not controlling here, it is illustrative, for it shows a person, who has no title to or interest in the cause of action, is not a proper party plaintiff in a suit against the tort-feasor. There, a widow, having made her election and agreed to accept compensation from the employer, no longer had any cause of action; and the cause of action once owned by her under the Delaware Death Act was transferred by operation of law to the employer by virtue of the Delaware Workmen's Compensation Law, 19 Del.C. § 2101 et seq. Likewise, here, Indemnity was subrogated to the action which Mrs. Rehrer acquired under the Delaware Death Act. Sico, having made no payment, acquired no interest and is, therefore, not a proper party plaintiff in this action.

Defendants' motion for summary judgment as against Sico should be granted.

---

6. Lackawanna Tr. & S. D. Co. v. Gomeringer, 236 Pa. 179, 84 A. 757; Travellers Ins. Co. v. E. I. DuPont De Nemours & Co., supra.

7. Frank C. Sparks Co. v. Huber Baking Co., Del.Super., 84 A.2d 413; Donahoe v. Thorndike & Hix, 119 Me. 20, 109 A. 187; Travellers Ins. Co. v. Evans, 101 Vt. 250, 143 A. 290; Employers' Liability Assur. Co. v. Indianapolis &c. Traction Co., 195 Ind. 91, 144 N.E. 615, 617; Western Surety Co. v. Addy, S.D., 42 N.W.2d 660, 663; Am. Mut. Liab. Ins. v. Otis Elevator Co., 160 Tenn. 248, 23 S.W.2d 245.

8. Judge Layton said [84 A.2d 418]:
"We have, then, two parties, the employer and the carrier, who come within the definition of the word 'employer'. * * * Sec. 38 states in plain terms that the right to maintain such an action shall be in that employer 'having paid the compensation or having become liable therefor'. Here, the 'employer', Liberty, not the employer, Sparks, has paid the compensation. It follows, then, that Liberty has the right to maintain the action."

9. There, Judge Rodney wrote:
"It is well established [in Pennsylvania] that an insurance carrier which has paid compensation under the Pennsylvania Act is regarded in Pennsylvania as being subrogated in the same manner as the employer. Globe Idemnity Co. v. Liberty Mutual Ins. Co., 3 Cir., 1943, 138 F.2d 180."