Jeffrey LUFF, individually and as Administrator of the Estate of Brandon Lee Surguy, and Anastasia Surguy, Plaintiffs,

v.

Barton Jansen HAWKINS, John Edward Voshell, and Jean Elaine Voshell, his wife, Defendants.

Superior Court of Delaware, Kent County.

Submitted: Dec. 14, 1987.
Decided: June 30, 1988.

William D. Fletcher, Jr. and Charles E. Whitehurst of Schmittinger and Rodriguez, P.A., Dover, Del., for plaintiffs.

Robert K. Pearce of Trzuskowski, Kipp, Kelleher & Pearce, P.A., Wilmington, Del., for defendants Voshell.

James F. Bailey, Wilmington, Del., for defendant Hawkins.

OPINION

RIDGELY, Judge.

In this wrongful death action, defendants Voshell challenge the standing of plaintiff Jeffrey Luff to sue individually for the wrongful death of a viable fetus

killed in an automobile accident.[1] The fetus was subsequently delivered stillborn and named Brandon Lee Surguy. Defendants have moved for partial summary judgment, contending that Mr. Luff has not qualified as Brandon's father within the meaning of the Wrongful Death Act, 10 *Del.C.* § 3724(f).[2] Plaintiff Luff argues that the restrictions of section 3724(f) have no application in this matter, or, in the alternative, that the statute has been complied with. For the reasons set forth below, the Court holds that, although the limitations of section 3724(f) apply, summary judgment must be denied because there is a material issue of fact concerning whether Mr. Luff openly and notoriously recognized Brandon to be his child prior to the child's death.

## I.

The uncontested facts show that, on July 31, 1983, an automobile accident occurred involving plaintiff's girlfriend, Anastasia Surguy. At the time of the accident, Miss Surguy was pregnant with viable twin fetuses. Immediately after the accident, one of the viable fetuses died from the injuries he sustained. The deceased fetus remained in Miss Surguy's womb until September 8, 1983, when he was delivered stillborn with a surviving twin sister. Plaintiff was present and participated in these deliveries. The fetal death certificate issued by the Board of Health identifies the fetus as Brandon Lee Surguy, and it names plaintiff Luff as the natural father.

Mr. Luff has not been judicially determined to be the father of the deceased. Nor have he and Miss Surguy ever married. They did, however, live together for about one year before Brandon's death.

Mr. Luff and Miss Surguy had agreed that, if one of their twins was male, that infant would be named after him. Although Mr. Luff told various members of his immediate family that Miss Surguy was pregnant with his children, there is no evidence that he acknowledged this in writing.

## II.

Under common law, it is well settled that no action for damages could be maintained against a person who, by his wrongful act, neglect, or default, may have caused the death of another. *Silvia v. Scotten*, Del.Supr., 122 A. 513, 514 (1923). In order to provide a new and independent cause of action to fill this void in the common law, the Wrongful Death Act was enacted. *Coulson v. Shirks Motor Express Corp.*, Del.Super., 107 A.2d 922, 924 (1954). Only a party entitled to sue under the Act may bring an action for wrongful death. *Silvia v. Scotten, supra.* Because the Act is in derogation of the common law, it is to be strictly construed. *Saunders v. Hill*, Del.Supr., 202 A.2d 807 (1964); *Magee v. Rose*, Del.Super., 405 A.2d 143, 146 (1979).

## III.

The Delaware Wrongful Death Act grants the father of an illegitimate child a cause of action for the child's wrongful death. 10 *Dec.C.* § 3724. Plaintiff contends this provision is not applicable in his case because it requires the illegitimate child to be born. Plaintiff argues that, because this qualifying provision does not take into account that the illegitimate child may die while *in utero*, a different set of

---

1. The existence of a cause of action for the wrongful death of a viable fetus is not contested by the parties. For cases recognizing such a cause of action, *see Worgan v. Greggo & Ferrara, Inc.*, Del.Super., 128 A.2d 557 (1956) and *Sutton v. Turner*, Del.Super., C.A. Nos. 77C–OC–78 and 77C–DE–45, Walsh, J. (Nov. 23, 1981).

2. 10 *Del.C.* § 3724(f) provides:

For purposes of this section, a person born to parents who have not participated in a marriage ceremony with each other is considered to be the child of his mother. He is considered to be the child of his father only if his father:

(1) Has been judicially determined to be the father; or

(2) Prior to the death of the child:

a. Has acknowledged himself in writing to be the father; or

b. Has openly and notoriously recognized the person to be his child; or

c. Has subsequently married the mother and has acknowledged himself, orally or in writing, to be his father.

rules should apply to qualify him as the father. Section 3724(f), however, is the only set of rules provided by the Legislature for qualifying as the father of an illegitimate child. If plaintiff is statutorily entitled to bring this wrongful death action, as required by *Silvia v. Scotten, supra,* it must be by virtue of section 3724(f).

Plaintiff, by his own admission, can only qualify to bring suit as the father of Brandon under section 3724(f)(2)b, because there has been no judicial determination of paternity, no written acknowledgement of paternity prior to death, and no subsequent marriage to the mother. Thus, the only way plaintiff can bring this action is if he openly and notoriously recognized Brandon to be his child while Brandon was alive.

The issue here is analogous to that presented in the context of inheritance litigation where a person has been required to have notoriously recognized his paternity of a child during his own lifetime for the child to gain the status of a legal heir. In *Smith v. Smith,* 105 Kan. 294, 182 P. 538 (1919), the Court, citing *McLean v. McLean,* 92 Kan. 326, 140 P. 847 (1914), stated:

> The circumstances of each case are, of course, different, and the gist of the decisions is that the extent of recognition necessary to meet the statutory requirements depends in some measure upon the circumstances of each case. Where frequent opportunities for such recognition are presented for a long period, more is required than where such opportunities are less in number or in a more limited time.

*Smith v. Smith, supra* 182 P. at 539.

In *In re Wulf's Estate,* 242 Iowa 1012, 48 N.W.2d 890 (1951), the Court, citing *In re Clark's Estate,* 228 Iowa 75, 290 N.W. 13 (1940), stated:

> Recognition may be by acts and conduct as well as by words.... [T]he extent and nature of the recognition depends upon the circumstances and conditions, and these must be considered in determining whether the requirement of law is met.

It is generally held the recognition need not be "universal or so general and public as to have been known by all...."

*In re Wulf's Estate, supra* 48 N.W.2d at 894.

In a more recent Maryland case, *Harris v. Brinkley,* 33 Md.App. 508, 365 A.2d 304 (1976), an illegitimate child was born after the putative father's death. The Court decided there had been a notorious recognition of paternity after noting that the deceased and the mother had been living together, that the deceased had told his friends about his pending fatherhood, and that there was no evidence that the deceased had ever refuted his fatherhood.

Turning to the present case, the brief timespan that plaintiff Luff had to openly and notoriously recognize his paternity should be taken into account. With such a short timespan, less is required of the putative father in showing he openly and notoriously recognized his paternity prior to the child's death. Furthermore, as noted in *In re Wulf's Estate, supra,* the recognition can be by "acts and conduct as well as by words."

Prior to Brandon's death, plaintiff Luff and the mother were living together and seen in public together. The mother was visibly pregnant, as she was carrying twin fetuses for approximately seven and a half months. Plaintiff Luff told various members of his family that Miss Surguy was pregnant with his children, and there is nothing in the record showing any attempt by him to refute his paternity. Based on this record, a material issue of fact remains concerning whether plaintiff Luff openly and notoriously recognized Brandon to be his child prior to the child's death. This material issue of fact is for the jury to decide.

\*   \*   \*   \*   \*   \*

Defendants' motion for partial summary judgment is DENIED.